■ In the Matter of CARRAZZA BUICK, INC., Appellant. C. RICHARD FERRIS, INC., Respondent; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. Respondent Ferris contends preliminarily that the appeal is untimely and unauthorized because it is taken from a decision which, on appellant's application for reopening and reconsideration of the board's prior decision, granted the application and "upon such reopening and reconsideration" adhered to the prior decision. Respondent mistakenly relies on *Matter of Crowley* (*Corsi*) (275 App. Div. 977), as there we did not dismiss the appeal as untimely or unauthorized but, on the contrary, entertained it and held that in *denying* an application to reopen, the board did not abuse its discretion. In any event, in the case before us the application was not denied but was granted and thereupon the prior decision was reconsidered and after reconsideration adhered to. Certainly, the present respondent would scarcely have conceded that it had no standing to appeal had the board reversed itself;

and when the board determines to, and does reopen and reconsider, it is clear that the product of such reconsideration, whether it be affirmation or reversal of the prior decision, constitutes an appealable decision. The board held that appellant Carrazza did not acquire respondent Ferris' automobile sales business, within the meaning of the statute so as to become entitled to the benefit of Ferris' experience rating (Labor Law, § 581, subd. 4, pars. [a], [c]) and in so doing necessarily found that there existed each of the four negative conditions set forth in paragraph (c), but as to three of those factors the board's findings are not supported by substantial evidence. Turning to the four enumerated negative conditions: (1) The board clearly erred in finding that "admittedly" the transferee assumed none of Ferris' obligations, since there was no such admission, and since Carrazza did assume a water service contract, whether minor or not, and certainly, in effect, assumed, and subsequently satisfied Ferris' obligation for the remaining six-year term of its lease by agreeing to sign a lease, obviously in substitution, and to deposit $7,200 security, following which Carrazza paid the rent for the remaining term, thus extinguishing Ferris' supposed liability of approximately $43,000; (2) the board correctly found that no good will was transferred, but none could be, since any good will would derive from the new franchise granted by Buick, since Ferris could not transfer its franchise; (3) the board was in obvious error in finding that "there is no evidence" that Carrazza resumed Ferris' business, noting as one reason at least that Ferris retained its automobile parts business and used car business; the board thus overlooking the fact that paragraph (a) relates to the transfer of a business "in whole or in part" and overlooking, also, the uncontradicted evidence that Carrazza purchased for substantial sums the fixtures and equipment of the sales agency, as well as automobile parts, and continued the same automobile sales business, in the same franchise territory, from the same location, under an agreement which was conditioned upon the continued availability of that location, which recognized an otherwise irrelevant union labor contract and which limited competition from the transferor; while, in fact, most or at least a large part of the employees in the transferred automobile sales business eventually continued with the transferee; and (4) the board again fell into legal error, first, in apparently assuming that there must be an "agreement" to retain employees, second, in finding that Ferris employees were hired "as a result of negotiation with a union", as to which there is no evidence, and, third, in finding, apparently as determinative, that but 25% of the Ferris employees (obviously referring to, and erroneously including those in *both* Ferris businesses) were hired and this six weeks later, while the uncontradicted evidence is that most of the employees in the Ferris sales business were hired by Carrazza when new model cars were available to it, after Ferris had continued at least some of the employees pending disposal of its large inventory of new cars of the then current model, and without any intervening employment by any third person; and there was thus such "a continuity of employment" as to entitle Carrazza to the benefits of the employment experience of its predecessor. (*Matter of Mark Hotel Corp. [Catherwood]*, 9 A D 2d 412, 415; see, also, *Matter of Welch-Allyn [Catherwood]*, 13 A D 2d 594.) Respondent's additional contention was not advanced before the board and cannot be considered here. Decision reversed, with costs to appellant against respondent C. Richard Ferris, Inc., and case remitted for further proceedings not inconsistent herewith. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.