SAMUEL G. THAYER, Respondent, v. JOHN W. BAYBUTT et al., Constituting the Zoning Board of Appeals of the Town of Greece, Appellants.

Fourth Department, April 4, 1968.

*Raymond F. Allen* and *Leo T. Sawyko* for appellants.

*Salzman, Salzman & Pheterson* (*Irving Pheterson* of counsel), for respondent.

*Per Curiam.* Petitioner sought a review of a determination following a hearing of the Zoning Board of Appeals (Board) of the Town of Greece which confirmed a decision of the Building Inspector of the town denying petitioner a building permit. Such permit was sought to increase the number of apartments in a residence from three to a total of eight.

Two separate and distinct issues were presented at the administrative hearing. First, the contention of petitioner that the three apartments had been created in the residence prior to the effective date (Aug. 1, 1928) of the first town zoning ordinance. Second, if this question was answered in the affirmative whether or not the addition of five additional apartments would be permissible in the light of a provision in the Zoning Code that a nonconforming use might be continued " but only to the extent, and upon the premises, and in the building or structure, where such nonconforming use now exists." The determination of the Board, however, did not with clarity pass upon these separate issues.

Special Term conducted a hearing, made findings of fact and conclusions of law, annulled the determination and directed issuance of the permit. While such a hearing is permissible (Town Law, § 267, subd. 7) it does not authorize a trial *de novo* in the

reviewing court (Anderson, Zoning Law and Practice in New York State, § 22.09). "The power [to supplement the record] is to be used cautiously, with extreme care where there appears to be a probability that the effect of the additional testimony, if it is received, will be to show the ruling complained of to be wrong; and when the whole case comes to be decided upon the new testimony and the old, the court, even then, is not to put itself in the position of the Board, is not to substitute its own discretion for that of the administrative agency established by the statute in a situation where the exercise of discretion is possible." (*People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73, 81.) Even where additional proof is taken the ultimate issue to be decided is still whether the action of the Board was arbitrary or capricious. (*Matter of Joynt* v. *King,* 6 A D 2d 234, 240.)

We conclude that upon the record before the Board, its determination was neither arbitrary nor capricious. Implicit therein is the finding that the nonconforming use did not predate the initial 1928 zoning legislation. Moreover, if it were necessary for us to pass upon the findings of the trial court that there was such a prior use we would further conclude that they were contrary to the proof before the court. There was no substantial proof submitted before court or administrative agency of the construction and use of the three apartments prior to 1928. There was proof to sustain a finding that the apartments were created and used briefly in the early 1940's but this was long after zoning laws had been enacted by the town.

Furthermore, we conclude that in the event it could be found that there was such a pre-1928 nonconforming use the construction of five additional apartments in this dwelling in a residential zone would be an impermissible extension of such use in the light of the provisions of the Zoning Code. (Cf. *Matter of Dolomite Prods.* v. *Kipers,* 23 A D 2d 339, affd. 19 N Y 2d 739; *Matter of Fairmeadows Mobile Vil.* v. *Shaw,* 16 A D 2d 137, 141; *Matter of Gerling* v. *Board of Zoning Appeals,* 6 A D 2d 247, 250; *Town of Onondaga* v. *Hubbell,* 19 Misc 2d 999, affd. 9 A D 2d 1024.)

The order entered November 15, 1966 should be reversed and the determination of the Zoning Board of Appeals confirmed.

BASTOW, J. P., GOLDMAN, MARSH, WITMER and HENRY, JJ., concur.

Order unanimously reversed and determination of the Zoning Board of Appeals confirmed, without costs.