In the Matter of LLOYD A. HAMILTON, JR., et al., Appellants, *v.* HENRY L. DIAMOND, as Commissioner of Environmental Conservation of the State of New York, et al., Respondents.

Third Department, November 8, 1973.

*Doig, Cornell & Mandel* (*David I. Shivitz* and *J. Martin Cornell* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Olin Harper Le Compte* and *Ruth Kessler Toch* of counsel), for Henry L. Diamond and another, respondents.

*Windheim, Bernard, Prindle & Maidman* (*Aaron G. Windheim* of counsel), for Eberhard M. Thiermann, respondent.

MAIN, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 9, 1972 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to declare a determination of the respondent Commissioner of Environmental Conservation, granting a permit to fill in the Hudson River at 190 River Road, Grand View-on-Hudson, illegal and void and to direct that such permit be revoked and rescinded.

On or about August 11, 1970, respondent Eberhard Thiermann and his wife acquired title to a lot at 190 River Road, Grand View-on-Hudson, along with certain underwater lands adjacent to the lot. The property lies between the River Road on the west and the Hudson River on the east and has an area of 8,378 square feet of land above the river's mean high water mark.

The Thiermanns, desirous of building a home on the land, proposed to the Department of Environmental Conservation that they be granted permission to construct a seawall in the river and fill in the enclosure, pursuant to section 429-b of the Conservation Law (now Environmental Conservation Law, § 15–0505) and the rules and regulations promulgated to implement that section (6 NYCRR, Part 611 [now 6 NYCRR, Part 608]). This action was necessary to satisfy a local zoning ordinance which requires a lot containing not less than 10,000 square feet of land above the mean high water mark of the river for the construction of a dwelling.

In the exercise of the discretionary powers of his office, Robert Drew, the acting central permit agent, scheduled a public hearing on this request. Presided over by Mr. Stewart M. Dean, the hearing lasted several days, after which Mr. Drew made his determination wherein he set forth his findings of fact, conclusions and determinations. He decided that the application was in the public interest and would not adversely affect the health and welfare and safety of the State or its natural resources. Accordingly, the permit was granted.

Petitioners then brought this article 78 proceeding to set aside the determination and the court below dismissed their petition. They raise substantially the same issues here, which are: (1) whether the determination is illegal, arbitrary and an abuse of discretion and not supported by the evidence in the record; (2) whether the determination is illegal, since the rules and regulations of the Commissioner of Environmental Conservation are not in conformity with provisions of the Constitution and the Environmental Conservation Law; and (3) whether the determination is illegal since the acting central permit agent did not

preside at the public hearing and yet made the ultimate determination.

We hold that the determination is neither illegal, arbitrary, nor capricious, and that it is supported by the evidence in the record. An examination of the various testimony and exhibits in the record reveals such substantial support for the determination that unmistakably the department had a rational basis for granting the permit and we must affirm its action (*Matter of Bologno v. O'Connell,* 7 N Y 2d 155).

That such a basis exists is manifest from even a cursory reading of the record. It is uncontested that the permit is necessary for compliance with the local zoning ordinance, as the Thiermanns have no room for expansion or reclamation in any other direction. Additionally, the proposed project provides for safe and proper construction, and there is substantial evidence as to the public benefits therefrom. There is testimony to the effect that unkempt, overgrown property would be developed, a littered shoreline would be cleaned up, the river water would be cleansed, erosion would be reduced, the shoreline would receive needed protection from savage and destructive '' northeasters '', and even that the property's present tax assessment would be quadrupled. On such a record as this, we cannot say that the Department of Environmental Conservation was irrational in its determination.

Nor is there a conflict between the rules and regulations of the Commissioner and the provisions of the Constitution and the Environmental Conservation Law. Section 4 of article XIV of the New York State Constitution provides that it shall be the policy of the State to '' conserve and protect its natural resources '', and section 10 of the Environmental Conservation Law (now § 1–0101 of the Environmental Conservation Law) provides that the State policy is '' to conserve, improve and protect its natural resources and environment ''. We see no conflict between these provisions and the Commissioner's rules and regulations (6 NYCRR, Part 611 [now 6 NYCRR, Part 608]) which require, in essence, that a project be in the public interest and minimize any adverse impact on the environment. Furthermore, we would note that the proposal here clearly conforms to these various dictates. Even petitioners' experts, who at the hearing gave general testimony about the '' area '', conceded that any detrimental impact upon the environment by this project would be negligible.

Similarly, the fact that the public hearing was conducted by a hearing officer while the determination was made by the acting

central permit agent in no way invalidates the determination. Such a hearing is discretionary and, at any rate, it is clear that a determination may be made by one who does not hear the evidence or see the witnesses (*Matter of Elite Dairy Prods.* v. *Ten Eyck,* 271 N.Y. 488; *Matter of Taub* v. *Pirnie,* 3 A D 2d 753, affd. 3 N Y 2d 188). Moreover, as petitioners did not raise this objection at the hearing, they cannot be heard to object initially on appeal (*United States* v. *Tucker Truck Lines,* 344 U. S. 33; *Matter of Carrazza Buick [Catherwood],* 20 A D 2d 613).

Lastly, we recognize that the cumulative effect of many such landfills might well have a meaningful and deleterious impact upon the environment. However, there has been no showing that additional applications for similar projects will be forthcoming and, at any rate, each case must be decided upon its own individual facts.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.