■ In the Matter of PETER Y. SCOTT, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF SALINA et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: Special Term's judgment annulling the board's determination denying petitioner a special use permit and directing the board to issue the permit subject to reasonable conditions but without a time restriction should be affirmed. The board admitted that petitioner's business is a permitted special use contemplated under the ordinance. As such, it is tantamount to a legislative finding that the use is in harmony with the general zoning plan and that it will not adversely affect the neighborhood (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243-244). Further, the fact that the board had previously issued a special use permit for this same busines is indicative of the fact that it met the necessary criteria. The board's conclusory findings that petitioner's business would be undesirable are not supported by the record. Under the circumstances the denial of the special use permit was arbitrary and capricious (see *Matter of Carrol's Dev. Corp. v Gibson,* 73 AD2d 1050, affd 53 NY2d 813). Additionally, Special Term properly found that the permit could not be issued subject to a time limitation. Contrary to the contention of the board, such limitation is not a condition to a special permit but results in a temporary special use permit. While such permits will be upheld where there is authority in the ordinance for their issuance (see 3 Anderson, American Law of Zoning [2d ed], § 19.32 ), the board has not established any legislative authority to issue a permit for a special use that is terminable in one year. The board may not now complain that Special Term improperly directed a hearing inasmuch as it raised no objection at the time and, in fact, participated fully in the hearing. In any event, Special Term has the authority to conduct a hearing if necessary to aid in its determination (Town Law, § 267, subds 7, 10) and it was a proper exercise of its discretion to conduct the hearing in order to clarify and supplement the proceedings before the board (see *Thayer v Baybutt,* 29 AD2d 486, affd 24 NY2d 1018; see, also, 2 Anderson, New York Zoning Law and Practice [2d ed], § 22.17; 3 Rathkopf, Law of Zoning and Planning, pp 42-83 — 42-89, 42-98 — 42-102). (Appeal from judgment of Supreme Court, Onondaga County, Roy, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.