OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed and the determination of the State Tax Commission reinstated, with costs.
Petitioners’ sales tax records have as their source cash register tapes which show only total sales and sales tax collected by categories, although the tape given the customer itemized each transaction. Because respondent’s auditor could not determine from the tapes available whether tax had been charged on all taxable items and whether the proper tax had been charged in each instance, the auditor’s use of a test period and markup audit to estimate the tax due from petitioners was neither arbitrary nor without rational basis (Tax Law § 1138 [a] [1]; Matter of Markowitz v State Tax Commn., 54 AD2d 1023, affd 44 NY2d 684).
Petitioners also challenge the accuracy of the test audit because, they contend, a sufficient margin was not allowed for employee purchases, theft, waste and “loss leaders.” On that issue, however, the burden of proof was on petitioners (Matter of Petroleum Sales & Serv. v Bouchard, 64 NY2d 671, affg 98 AD2d 882), and they presented neither direct proof of such losses nor expert testimony establishing the extent of such losses regularly occurring in the industry.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, etc.