■ In the Matter of ZORBA ENDICOTT RESTAURANT CORPORATION, INC., Doing Business as "THE RED LION", Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the State Tax Commission which modified a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner purchased a restaurant known as "The Red Lion" from Darbo, Inc. On November 30, 1979, the Audit Division of the Department of Taxation and Finance received a notification of sale, transfer or assignment in bulk from petitioner; the scheduled date of the sale was December 10, 1979. On December 7, 1979, the Audit Division issued a notice of claim alerting petitioner to a possible claim for State and local sales and use taxes.

An audit was then conducted of Darbo's "Red Lion" records for the period commencing December 1, 1976 through December 14, 1979. After examining Darbo's Federal income tax returns and three days of randomly selected guest checks, the auditor concluded that the books and records were insufficient for a complete audit and, accordingly, that a test period audit, utilizing a food cost markup, was warranted.

This test period audit, after making certain adjustments, yielded total food purchases for resale calculated to be $368,772, which was multiplied by a markup percentage of 174.38, generating audited taxable food sales for the entire period of $1,011,839.08. The auditor then subtracted reported

food sales of $705,932.32, resulting in additional taxable food sales of $305,906.76. This figure was used to further compute the amount of sales and use tax due. Additional tax was assessed based upon the over collection and improper remittance of sales tax, failure to pay sales tax on items which were not purchased for resale, underpayment for services rendered, as well as for the acquisition of capital assets and because the restaurant neglected to remit tax reported due.

A notice of determination and demand for payment was issued on February 26, 1980 and received by petitioner two days later. Both Darbo and petitioner filed petitions seeking redetermination of the assessment. However, only petitioner appeared at the subsequently held formal hearing and pressed its claim. After the hearing, the State Tax Commission modified the assessment slightly and, as modified, sustained it, whereupon petitioner commenced the instant CPLR article 78 proceeding.

Petitioner challenges the Tax Commission's decision on the grounds that the notice of deficiency and demand for payment was untimely, use of the test audit method was improper and the amount of the assessment incorrect.

The controlling statutory provision, Tax Law § 1141 (c), required the Tax Commission to furnish petitioner notice of any sales and use taxes due "[w]ithin ninety days of *receipt of the notice* of the sale" (Tax Law § 1141 [c]; emphasis supplied). The notice of sale herein, dated November 28, 1979, was received November 30, 1979. Inasmuch as the deficiency notice and demand for payment was issued February 26, 1980, 88 days later, it was unquestionably timely.

The incompleteness and unreliability of the restaurant's records justified resort to a test period audit *(cf. Matter of Chartair, Inc. v State Tax Commn.,* 65 AD2d 44, 46). Testimony elicited from the Department's auditor established that 22% of the guest checks examined were missing. Additionally, petitioner's predecessor conceded it segregated cash and charge checks. Given the foregoing, and the Tax Commission's finding borne out by the record, that there were substantial discrepancies between purchases recorded in Darbo's check disbursement journal and its Federal income tax returns, we are unable to say that the Tax Commission's conclusion that the records were insufficient was either incorrect or ill-founded *(see, Matter of Urban Liqs. v State Tax Commn.,* 90 AD2d 576; *Matter of Korba v New York State Tax Commn.,* 84 AD2d 655, 656, *lv denied* 56 NY2d 502; Tax Law § 1138 [a]).

Nor do we consider petitioner's attacks on the audit method used and the correctness of the tax assessed any more appealing. Petitioner's first argument, that the use of the three-day test period was improper and tainted the entire assessment, is based upon a misconception of the role those three days played in the audit; their function was to determine the rate of overcollection of tax from customers. The auditor computed the cost markup percentage by utilizing the records for the entire month of February 1978. This was done by selecting four entrees, determining their selling price and then calculating their costs, using yield estimates and purchase invoices with allowances made for waste and employee meals. Promotional discounts were also considered. Significantly, the Tax Commission modified this figure in petitioner's favor after it found the yield and waste estimates faulty. Under the circumstances, the markup found was proper (see, Matter of Hanratty's/732 Amsterdam Tavern v New York State Tax Commn., 88 AD2d 1028, lv denied 57 NY2d 608).

Lastly, petitioner failed to carry its burden of proving its contention that the auditor's calculations were incorrect because the markup percentage utilized was substantially above that of the industry average, and further that petitioner's books were maintained on an accrual rather than on a cash basis, as the auditor believed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.