■ In the Matter of SOL WAHBA, INC., Doing Business as S & W IMPORT COMPANY, et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

An investigation by the Audit Division of the Department of Taxation and Finance of petitioner Sol Wahba, Inc. (hereinafter petitioner), a corporation engaged in importing and exporting electronic equipment, cameras, film, watches and other merchandise, disclosed that retail sales were being made, that petitioner kept no records of sales, and that it did not report making any retail sales on its sales tax returns. Since the existence of unreported retail cash sales was clearly established, and petitioner had no records or other internal accounting procedures reflecting the amount of those sales, the auditors were compelled to reconstruct them for the period involved, June 1, 1976 through May 31, 1980. Using existing records and mark-up percentages for retail and wholesale sales published by Dun and Bradstreet, petitioner's retail sales were estimated and sales tax deficiencies assessed accordingly; a use tax deficiency for fixed assets was also assessed.

Following a small claims hearing at which petitioner Sol Wahba, an officer and sole shareholder of the corporation, renewed his claim that petitioner was not engaged in any retail operations, protested the mark-up percentages applied in the audit, and furnished additional documentation indicating petitioner's purchase costs with respect to items sold for over $20,000, respondent determined that a sales tax was due not on $309,596, the amount arrived at by the Audit Division, but on $86,460. We confirm that determination.

Petitioner's contrary protestations notwithstanding, there is substantial credible evidence in the record that petitioner made unreported retail sales. Also unconvincing is petitioner's charge that respondent's determination was based upon the impermissible use of erroneous mark-up procedures. The obvious incompleteness of petitioner's records justified resort to

external indices for the purpose of computing the taxes due *(see, Matter of Zorba Endicott Rest. Corp. v Chu,* 126 AD2d 820).

Inasmuch as alternative audit procedures were warranted *(see, Matter of Licata v Chu,* 64 NY2d 873, 874), and the audit method employed was not facially unsound, petitioner was required to establish by clear and convincing evidence that the audit method utilized and the assessment finally arrived at were erroneous *(Matter of Blodnick v New York State Tax Commn.,* 124 AD2d 437); petitioner failed to carry this burden. Even if, as petitioner claims, the audit method availed of here was less than precise and the computed mark-up percentages are indeed too high, that is not the product of any arbitrary and capricious conduct on respondent's part, but the inadequacy of petitioner's records, a problem of its own making.

As for petitioner's contention that the Audit Division's disallowance of $52,043 in claimed nontaxable sales was improper, it suffices to note that the burden of rebutting the presumption that every sale is a taxable one for which sales tax must be collected is on petitioner *(Matter of On the Rox Liqs. v State Tax Commn.,* 124 AD2d 402, *lv denied* 69 NY2d 603, and that it simply has not documented its claim of nontaxability *(see,* Tax Law § 1132 [c]).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.