■ In the Matter of SHAHEN GUIRAGOSSIAN, Doing Business as TUFAROS SERVICE STATION, Petitioner, v RODERICK CHU et al, Constituting the State Tax Commission, Respondents.— Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In 1982, the Department of Taxation and Finance issued a notice of determination and demand for payment of sales and use taxes for the period September 1, 1978 through May 31, 1981 to petitioner, the owner and operator of a gasoline filling and service station. Petitioner filed a petition seeking redetermination of the assessment. Following a hearing at which petitioner and a Department auditor testified, the State Tax Commission found (1) that since petitioner's books and records were incomplete and inadequate, pursuant to Tax Law § 1138 (a) (1) the auditor could properly determine additional taxes due from external indices and the information available, (2) that the Department's Audit Division reasonably calculated petitioner's tax liability, and (3) that petitioner failed to demonstrate by clear and convincing evidence that the audit method and tax assessment were erroneous.

In this CPLR article 78 proceeding, petitioner alleges that because the auditor made errors in the initial audit procedure, failed to make sufficient adjustments for certain losses of gasoline, inaccurately included sales of a type of gasoline which petitioner cannot sell and inaccurately computed markup percentages to determine the sale price of petitioner's gasoline, the Tax Commission's determination must be annulled. We disagree. Since petitioner's records were inadequate, the auditor could properly determine petitioner's tax liability by using an audit method reasonably calculated to estimate his tax liability (see, Tax Law § 1138 [a] [1]; Matter of Grecian Sq. v New York State Tax Commn., 119 AD2d 948). It is settled law that in a case such as this, petitioner bears the burden of demonstrating by clear and convincing evidence that both the method used to arrive at a tax assessment and the assessment itself are erroneous (see, Matter of Sol Wahba, Inc. v New York State Tax Commn., 127 AD2d 943; Matter of Micheli Contr. Corp. v New York State Tax Commn., 109 AD2d 957, 959); the Department does not bear the burden of demonstrating the propriety of the assessment (Matter of Scarpulla v State Tax Commn., 120 AD2d 842, 843). Petitioner has failed to carry his burden. Further, with respect to petitioner's claim

that the auditor made numerous errors in conducting the audit, the record demonstrates that the errors made were in fact corrected, and the mere fact that errors were initially made does not demonstrate that the audit was incorrect.

Petitioner asserts that the auditor's 2% allowance for various losses of gasoline was insufficient because it did not account for gasoline for which he was billed but which remained in delivery trucks, the period of time when the City of New York shut down his pumps, a pump which overdispensed gasoline, or gasoline used for towing operations or given to employees. For the most part, these claimed losses are completely undocumented; the only evidence concerning them that petitioner presented was his own testimony. The Tax Commission is entitled to weigh the credibility of petitioner's testimony *(see, Matter of Jacobson v State Tax Commn.,* 129 AD2d 880, slip opn at 2), and we cannot say that petitioner presented clear and convincing evidence that the 2% loss allowance was insufficient *(cf., Matter of Licata v Chu,* 64 NY2d 873).

We also find inadequate support for petitioner's claim that the auditor improperly included sales of a grade of gasoline which petitioner did not have the capacity to sell. Records supplied by petitioner's gasoline distributor reflect that it sold this grade of gasoline to petitioner. Aside from his own testimony, petitioner presented no evidence that he could not sell this grade of gasoline. Since the sales of this gasoline to petitioner were documented, the auditor properly included them in his audit.

Finally, we find without merit petitioner's assertion that the auditor improperly computed mark-up percentages. He contends that the auditor easily could have determined the selling price of his gasoline during the period in question by considering the selling price of other dealers since other dealers in petitioner's area using the same distributor sold at uniform prices, and resort to the mark-up procedure was therefore unnecessary. However, petitioner has not shown that the mark-up procedure was unreasonable. Moreover, as we recently noted: "Even if * * * the audit method availed of here was less than precise and the computed mark-up percentages are indeed too high, that is not the product of any arbitrary and capricious conduct on [the Tax Commission's] part, but the inadequacy of petitioner's records" *(Matter of Sol Wahba, Inc. v New York State Tax Commn., supra,* at 944). Accordingly, petitioner's contention in this regard must fail, and the Tax Commission's determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.