OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with *978 costs, and the determination of the State Tax Commission reinstated.
Those required to collect sales tax must maintain records which "shall be available for inspection and examination at any time upon demand” by the Tax Commission (Tax Law § 1135 [d] [emphasis supplied]). In turn, the Tax Commission is authorized to assess a sales tax return deemed to be incorrect or insufficient with "such information as may be available” (Tax Law § 1138 [a] [1] [emphasis supplied]).
The record, supported by substantial evidence, establishes that although Continental Arms may have maintained complete and accurate records for itself, it frustrated the accomplishment of an unabridged audit by refusing in a course of conduct to make those records available upon demand by the Commission’s auditor. Under these circumstances, the Tax Commission is authorized to use a test period method audit; it is not compelled to resort only to its subpoena authority; and its action may not be said to be arbitrary, capricious or illegal (see, Matter of Licata v Chu, 64 NY2d 873, 874; Matter of Grant Co. v Joseph, 2 NY2d 196, 206; Matter of Surface Line Operators Fraternal Org. v Tully, 85 AD2d 858, 859; Tax Law § 1143 [a]).
Moreover, after the tax deficiency was assessed by the test period audit, the taxpayer still had the opportunity to contest the assessment by production of its books (see, Matter of Sol Wahba, Inc. v State Tax Commn., 127 AD2d 943, 944; Matter of On the Rox Liqs. v State Tax Commn., 124 AD2d 402, 403-404, lv denied 69 NY2d 603; Tax Law § 1138).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.