■ In the Matter of PETER GIORDANO, Doing Business as B & G GULF SERVICE STATION, Petitioner, v STATE TAX COMMISSION et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Tax Commission which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was notified by the Audit Division of the Department of Taxation and Finance that his business would be subject to a sales tax audit for the period September 1, 1979 through August 31, 1982. A later letter requested that petitioner produce relevant books and records. In response, peti-

tioner and his accountant were only able to produce a partial number of purchase invoices, check stubs, bank statements and sales invoices for the audit period. These records revealed that petitioner purchased more gasoline than he had sold, that petitioner's bank statements disclosed that deposits exceeded the gross sales reported on his sales tax return by $19,683 and that petitioner's purchase invoices did not tally with the printout supplied by the gasoline distributors. Therefore, the Audit Division concluded that petitioner's records were insufficient, and initially issued an estimated assessment of taxes due, by doubling petitioner's reported gross sales for the audit period.

This original determination was later recalculated and an estimated tax was based on the six-month period December 1, 1980 through May 31, 1981 because petitioner had a complete set of purchase invoices for that period. Petitioner's estimated adjusted taxable sales totaled $728,697, which resulted in an adjusted tax due of $52,163.70. By deducting from this figure the amount that petitioner had previously reported and paid, and the amount that petitioner had previously been assessed, an additional tax of $14,703.74 resulted. By adding interest and penalties, the total amount due for the audit period was calculated at $55,955.56. Since petitioner was unable to produce records sufficient to establish his tax liability, respondent State Tax Commission (hereinafter respondent), upon its review of the Audit Division's findings, determined that the use of the estimated method of calculation was necessary and reasonable in the circumstances. That portion of the assessment relating to interest and penalties, however, was remitted upon a finding that petitioner had shown reasonable cause for his failure to comply with the law. Petitioner's CPLR article 78 proceeding challenging respondent's determination was transferred to this court.

Contrary to petitioner's claim, it was not arbitrary for respondent to estimate additional sales taxes for the entire audit period. As this court has consistently held, use of a test period to estimate sales tax is proper when the taxpayer's records for the entire audit period are insufficient (see, e.g., Matter of S.H.B. Super Mkts. v Chu, 135 AD2d 1048; Matter of Guiragossian v Chu, 130 AD2d 901). Sufficiency means the ability to verify taxable sales receipts and conduct a complete audit (Matter of Chartair, Inc. v State Tax Commn., 65 AD2d 44, 46). Petitioner's admission that his books and records for the first two thirds of the audit period (September 1, 1979 to September 1, 1981) were lost made it impossible to verify sales

for the audit period. Based on the records of the test period, respondent was permitted to estimate the taxes due for the entire audit period. Respondent was not required to accept the total accuracy of the records that were produced by petitioner since they were self-serving and not subject to independent verification (see, Matter of Meyer v State Tax Commn., 61 AD2d 223, 225, lv denied 44 NY2d 645).

As to petitioner's contention that his records had been taken and were in possession of the Long Island Gas Station Association, that issue was not raised at the hearing and so is not preserved for our review (see, Matter of Carrazza Buick v Ferris [Catherwood], 20 AD2d 613, 614). In any event, petitioner's claim in this regard is not sufficient to establish that respondent's action was arbitrary and capricious (see, Matter of Continental Arms Corp. v State Tax Commn., 72 NY2d 976). In the circumstances, the method of calculation was reasonable (see, Matter of Urban Liqs. v State Tax Commn., 90 AD2d 576).

Petitioner's claim that the .0948¢ average weighted markup was erroneous is baseless, for multiplying the actual markup of .0698¢ for regular gasoline and .1069¢ for unleaded gasoline by the respective numbers of gallons actually purchased during the six-month test period produces the same profit figure of $5,232. Likewise, petitioner's dissatisfaction with the use of $750 per week for repair sales is meritless. Such estimate was derived from the Department's experience with similar businesses (see, Matter of Convissar v State Tax Commn., 69 AD2d 929, 930) and a sampling of petitioner's repair invoices for the period January 20, 1982 to August 31, 1982 reveals a $750 weekly average, rendering that determination reasonable. The inadequacy of the records here was a problem of petitioner's own making, so any failure to consider market fluctuations does not render respondent's determination arbitrary (see, Matter of Sol Wahba, Inc. v New York State Tax Commn., 127 AD2d 943, 944). In sum, the determination of respondent was reasonable and should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.