■ In the Matter of ROBERT W. FLANAGAN, JR., as Officer of Country Bridge Service, Inc., Petitioner, v NEW YORK STATE TAX COMMISSION et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review the determination of respondent State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Audit Division of the Department of Taxation and Finance issued notices of determination and demands for payment of sales and use taxes to petitioner, an officer of Country Bridge Service, Inc., which operates a gasoline station in Nassau County. Because the corporation's books and records for the audit period involved had been lost, the Audit

Division estimated petitioner's tax liability by resorting to external indices *(see,* Tax Law § 1138 [a] [1]). At the formal hearing which followed to redetermine the assessments, petitioner challenged the Audit Division's reliance upon printouts of gasoline purchases, furnished to the auditors by the corporation's gasoline supplier, to calculate petitioner's tax liability. Petitioner contends on this proceeding that these printouts should not have been used for they are hearsay and not the best evidence of the purchases, and that the tax computation should have been based upon a review of the delivery invoices in the possession of the gas supplier. We are unpersuaded.

Petitioner bears the burden, which he has not carried, of proving by clear and convincing evidence that both the audit method utilized by the Audit Division and the amount of the taxes assessed were erroneous *(see, Matter of Guiragossian v Chu,* 130 AD2d 901). At the hearing, petitioner presented no evidence that the printouts were inaccurate or unreliable in any respect. And petitioner's contrary contention notwithstanding, relevant and probative hearsay evidence is admissible in administrative proceedings; moreover, it may, as here, constitute substantial evidence to support the administrative agency's determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *see also, Matter of Kuen Hai Chen v Ambach,* 121 AD2d 777, 779, *lv denied* 68 NY2d 610). Further, since respondents are not obliged to strictly observe formal rules of evidence (State Administrative Procedure Act § 306 [1]), the best evidence rule is no impediment to the admission of these printouts into evidence *(see, Matter of Lane v State of New York Liq. Auth.,* 127 AD2d 922, 924; *see also, Matter of Barrett v D'Elia,* 102 AD2d 890, 891).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.