**In the Matter of the Application of Myles GREENBERG and Francis M. Mulligan, Petitioners,**

v.

**Anthony F. VETERAN, Town Supervisor and Susan Tolchin, Town Clerk, Respondents.**

No. 89 Civ. 0591(GLG).

United States District Court, S.D. New York.

Dec. 17, 1990.

Lovett & Gould, White Plains, N.Y. by Johnathan Lovett, of counsel, for petitioners.

Paul Agresta, Town Atty., Town of Greenburgh, Elmsford, N.Y., for respondents Attorney F. Veteran and Susan Tolchin.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for respondents Anita Jordan, April Jordan, Layota Jordan, Anna Ramos, Lizette Ramos, Vanessa Ramos, Gabriel Ramos, Thomas Myers, Lisa Myers, Thomas Myers, Jr., Linda Myers, Shawn Myers, and National Coalition for the Homeless. Local counsel for respondents Yvonne Jones, Odell A. Jones, Melvin Dixon, Geri Bacon, Mary Williams, James Hodges, and National Ass'n for the Advancement of Colored People, Inc. White Plains/Greenburgh Branch; by Jay Himes, Melinda Levine, of counsel.

Joyce Knox, NAACP, Inc., Baltimore, Md., for respondents Yvonne Jones, Odell A. Jones, Melvin Dixon, Geri Bacon, Mary Williams, James Hodges, and National Ass'n for the Advancement of Colored People, Inc. White Plains/Greenburgh Branch.

Cuddy & Feder, White Plains, N.Y., for respondents Keren Developments, Inc. and Robert Martin Co.; by Ruth E. Roth, respondent pro se.

MEMORANDUM DECISION

GOETTEL, District Judge.

## I. FACTS

In December 1988, Anthony Veteran, the Supervisor of the Town of Greenburgh (the "Town"), declined to approve a petition that was to be submitted to area residents for the incorporation of a new village to be called "Mayfair Knollwood." One of the six reasons for the Town Supervisor's denial of the petition was that an engineer appointed by the Town had concluded that the proposed boundary description of the new village lacked the "common certainty" required by New York Village Law § 2–202(1)(c)(1) (McKinney 1973).[1] An article 78 proceeding was then filed in state court pursuant to the authority of section 2–210(1) of the Village Law and, thereafter, was removed to this court. We concluded that removal was inappropriate and remanded the action to state court. An appeal ensued and the Second Circuit Court of Appeals reversed our decision, remanding the case back to us. Respondents then moved to dismiss the article 78 petition, seeking to sustain the Town Supervisor's ruling.

Thereafter, pursuant to section 2–210(1) of the Village Law, we appointed the Honorable Joseph F. Gagliardi[2] as a special referee to hear and report on, *inter alia,* whether the boundary description lacked the common certainty that is required under the statute.[3] This issue was tried before Judge Gagliardi, who concluded that the Town Supervisor was correct and that the property description failed to comply with the common certainty requirement.[4] In arriving at this conclusion, Judge Gagliardi not only considered the engineer report the Town Supervisor had relied upon, but also examined additional evidence submitted by both parties. Petitioners thereafter filed objections to Judge Gagliardi's ruling pursuant to Federal Rule of Civil Procedure 53(e)(2). The principal argument raised is that Judge Gagliardi erred by considering any evidence that had not been before the Town Supervisor. This is apparently an issue that has not been addressed previously by New York's courts. Besides this legal issue, petitioners also raise numerous objections to Judge Gagliardi's factual findings.

## II. DISCUSSION

■ Section 2–210(1) of the Village Law governs the review of the Town Supervisor's decision "as to the legal sufficiency of the petition." N.Y. Village Law § 2–210(1) (McKinney 1973). The question is whether the Town Supervisor's ruling was "illegal, based on insufficient evidence, or contrary to the weight of the evidence." *Id.* Section 2–210(1) goes on to state that:

> If the court determines that additional testimony or evidence is necessary for the proper disposition of the matter it may take such evidence or testimony or

1. The other five reasons given were that: (1) the proposed boundaries were gerrymandered to exclude black residents; (2) the petition was adopted to prevent the construction of housing for homeless families; (3) many petition signatures were obtained under false premises; (4) substantial petition signatures were irregular; and (5) numerous residents were not identified as would-be inhabitants of the proposed village. *See Greenberg v. Veteran,* 710 F.Supp. 962, 965 (S.D.N.Y.), *rev'd on other grounds,* 889 F.2d 418 (2d Cir.1989). For reasons which will become clear, however, our present decision focuses only on the common certainty requirement.

2. Judge Gagliardi sat on the Supreme Court of the State of New York, County of Westchester, from 1961 to 1987. He was also Chief Administrative Judge of that court from 1974 to 1987. In 1987, he retired from the judiciary and entered private practice.

3. We also referred to Judge Gagliardi the other three non-constitutional bases for the Town Supervisor's denial of the petition, namely the issues of false pretenses in obtaining signatures, irregularities in signatures, and omissions of certain residents from the list of would-be inhabitants.

4. Judge Gagliardi found against the Town Supervisor, however, with respect to the issue involving alleged omissions of certain residents from the list of would-be inhabitants of the proposed village. In addition, the other two grounds referred to Judge Gagliardi, *see supra* note 3, were voluntarily withdrawn by the respondents. Thus, the legal and factual accuracy of Judge Gagliardi's findings on the common certainty issue are the only questions before us.

appoint a referee to take such evidence or testimony as it may direct and report the same to the court with findings of fact and conclusions of law which shall constitute part of the proceeding upon which the determination of the court shall be made.

*Id.* Thus, it appears clear that the New York legislature contemplated the court's use of such "additional testimony or evidence" in resolving the issue of whether a petition was legally sufficient.

As noted, apparently no New York court has addressed this issue in connection with the Village Law. However, courts interpreting similar statutes have considered additional evidence in reviewing administrative determinations. For example, in *Scott v. Zoning Board of Appeals*, 88 A.D.2d 767, 451 N.Y.S.2d 499, 500 (4th Dep't 1982), the court addressed New York Town Law section 267, a provision very similar to Village Law section 2–210. Section 267(10) of the Town Law states:

If upon the hearing at a special term of the supreme court, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made.

N.Y. Town Law § 267(10) (McKinney 1987). Based upon this statute, as well as section 267(7) of the Town Law, the *Scott* court held that it was proper for the trial court "to conduct [a] hearing in order to clarify and supplement the proceedings before the [Town Zoning] Board." *Scott*, 451 N.Y.S.2d at 500.

The case of *Joynt v. King*, 6 A.D.2d 234, 176 N.Y.S.2d 776 (4th Dep't 1958), involved a decision made by a zoning board denying an application for a certificate of occupancy. The petitioner then filed an article 78 proceeding. After the zoning board submitted additional evidence to the court that had not been before the zoning board, the petitioner requested a hearing to review these new matters. The trial court denied this request. However, the Appellate Division reversed, looking to the words of section 267(7) of the Town Law, which specifically authorizes a court to "take evidence or appoint a referee to take such evidence as it may direct and report the same with his findings of fact and conclusions of law." N.Y. Town Law § 267(7) (McKinney 1987). The court concluded that the reviewing court may take such evidence "whenever the court finds that further proof is necessary to clarify or supplement the evidence before the [Zoning] Board, in order to enable it to determine whether the [Zoning] Board's decision was arbitrary." *Joynt*, 176 N.Y.S.2d at 781. There is no reason why the logic used in interpreting sections 267(7) and 267(10) of the Town Law should not be applied to section 2–210 of the Village Law.

In support of the proposition that no new evidence may be adduced that was not before the Town Supervisor, petitioners cite several cases. None of these, however, addresses the precise issue at hand. In three of the cases cited, it does not appear that any additional evidence was presented to the reviewing court besides that which had been produced at the administrative level. *See Wright v. Ranson*, 307 N.Y. 317, 121 N.E.2d 244 (1954); *Giordano v. State Tax Comm'n*, 145 A.D.2d 726, 535 N.Y.S.2d 255 (3d Dep't 1988); *Hamilton v. Diamond*, 42 A.D.2d 465, 349 N.Y.S.2d 146 (3d Dep't 1973), *appeal denied*, 34 N.Y.2d 516, 314 N.E.2d 425, 357 N.Y.S.2d 1026 (1974). Other cases petitioners cite simply hold that additional contentions and issues cannot be raised before the court that have not been advanced before the administrative agency. To the extent these cases may preclude the consideration of new evidence, it is only evidence supporting issues that have not been previously raised. *See In re Carrazza Buick, Inc.*, 20 A.D.2d 613, 245 N.Y.S.2d 412, 414 (3d Dep't 1963); *cf. Aldrich v. Pattison*, 107 A.D.2d 258, 486 N.Y.S.2d 23, 31 (2d Dep't 1985) (while announcing a general rule that a court reviewing determinations on environmental matters cannot consider new "evidence or arguments," the court's holding focused

solely on the impropriety of reviewing new "issues" that had not been raised previously). In the case at bar, the only contention asserted by respondents is that the boundary description lacked common certainty. This issue clearly was before the Town Supervisor. Thus, the additional evidence considered by Judge Gagliardi was on an issue previously ruled upon by the Town Supervisor.

None of the cases cited by petitioners actually addresses the issue presented herein. Moreover, in the case at bar, petitioners offered their own expert testimony in support of their position above and beyond that which had been submitted to the Town Supervisor. It would defy logic to allow petitioners to submit additional evidence, but then preclude respondents from doing the same. Therefore, we find that Judge Gagliardi committed no error of law in relying upon the additional evidence presented to him.

■ We must now turn to the objections petitioners raise to Judge Gagliardi's factual findings on the issue of common certainty. Federal Rule of Civil Procedure 53(e)(2), which governs the scope of our review of Judge Gagliardi's findings of fact, requires us to accept his findings unless they are "clearly erroneous." Fed.R. Civ.P. 53(e)(2). "A finding of fact is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *EEOC v. Local 638,* 700 F.Supp. 739, 743 n. 1 (S.D.N.Y. 1988) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). Thus, even assuming Judge Gagliardi erred on some of his findings, we need only find that the petition contained a few major uncertainties in order to conclude that it lacked common certainty. Under these parameters, we cannot conclude that Judge Gagliardi's factual conclusions as a whole were clearly erroneous.

■ There are two additional applications before us. These relate to respondents' right as prevailing parties to reimbursement of the costs of the special referee and petitioners' demand for sanctions with respect to the time spent briefing an issue that was ultimately withdrawn by respondents before being heard by Judge Gagliardi.

Pursuant to the directions of the court, the Town advanced the funds for the services of the special referee and the charges of the court reporter. These funds were to be advanced by the Town with ultimate liability to abide the event. The special referee's charges came to $17,379.23 and the court reporter's charges came to $7,592.00, for a total of $24,971.23. Petitioners do not dispute the correctness of these amounts or the fact that the court's earlier order makes them responsible for the charges. With respect to their motion for sanctions, it is questionable whether respondents' conduct was so egregious as to warrant sanctions. However, when viewing it from the standpoint of responsibility for costs, it is apparent that respondents' actions unjustifiably extended the proceedings. Consequently, we will deduct from the monies owed to respondents the sum of $1,500.00, leaving the amount of $23,471.23 due from petitioners.

## III. CONCLUSION

Although this issue has not been addressed as it applies to section 2–210 of the Village Law, we see no reason why Judge Gagliardi should not have considered the additional evidence adduced by both sides before concluding that the Town Supervisor correctly found the proposed boundary description unsatisfactory. Thus, Judge Gagliardi committed no error of law. In addition, following review of his factual findings, we conclude that they were not "clearly erroneous." Fed.R.Civ.P. 53(e)(2). As such, we find that the Town Supervisor's decision on the issue of common certainty was not "illegal, based on insufficient evidence, or contrary to the weight of the evidence." N.Y. Village Law § 2–210(1) (McKinney 1973). Therefore, we grant respondents' motion to dismiss the article 78 petition.

Respondents will settle a judgment consistent with this decision.

SO ORDERED.