■ In the Matter of PAUL MOBLEY, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was the sole shareholder of Yel-Bom's Service Center, Inc. (hereinafter Yel-Bom), which operated a gasoline station in Nassau County. General Oil Distributors, Inc. supplied gasoline to the station which was delivered by Inwood

Trucking, Inc. In March 1984, the Department of Taxation and Finance audited Yel-Bom's records for the period March 1, 1981 to August 31, 1982. Due to the inadequacy of Yel-Bom's records, the auditor was unable to complete an audit. Consequently, a letter was sent to General Oil requesting a history of Yel-Bom's purchases for the audit period. General Oil responded by letter with a list containing the gallons of gasoline purchased by Yel-Bom from May 1981 to February 1982.

Based upon the discrepancies discovered between Yel-Bom's available records, which clearly disclosed a deficiency of $13,955.68, and the letter from General Oil, the auditor decided to create what he considered to be a reasonable audit methodology to compute Yel-Bom's total taxable sales. The methodology consisted of using an average retail sale price for gasoline, the letter provided by General Oil relating to the total number of gallons purchased and an estimation of purchases for two quarters. The tax deficiency was computed by multiplying the average retail sale price by the total number of gallons of gasoline purchased during the audit period (including an estimation for two quarters), resulting in total taxable sales. The total taxable sales figure was multiplied by the applicable sales tax rates resulting in total sales tax due. The total sales tax figure was reduced by the tax payments made during the audit period. On April 20, 1984, the Department sent petitioner a notice of determination and demand for payment of sales and use taxes due in the amount of $192,750. After a hearing, respondent Tax Appeals Tribunal determined, *inter alia,* that petitioner failed to prove that the audit methodology was unreasonable and that the sales tax assessment was erroneous. On August 17, 1990, petitioner commenced this CPLR article 78 proceeding challenging the Tribunal's determination.

Petitioner contends that the determination that he failed to prove that the audit methodology implemented was erroneous is arbitrary or affected by an error of law. We disagree. It is clear that Yel-Bom was required to maintain adequate records of its purchases and sales *(see,* Tax Law § 1135). In the absence of such records, the Department was required to select an audit methodology from which to reasonably calculate the sales tax due which included the estimation of purchases for two quarters *(see,* Tax Law § 1138 [a] [1], [3] [B]; *Matter of Estate of Manno v State of N. Y. Tax Commn.,* 147 AD2d 805, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert* ˇ *denied* — US —, 111 S Ct 50; *Matter of Giordano v State Tax*

*Commn.,* 145 AD2d 726). In doing so, the Department was entitled to resort to external indices, such as General Oil, to ascertain Yel-Bom's gasoline purchases for the audit period and was entitled to use an average retail sales price to determine its estimated total sales *(see, supra; Matter of Sol Wahba, Inc. v New York State Tax Commn.,* 127 AD2d 943, 944; *Matter of Urban Liqs. v State Tax Commn.,* 90 AD2d 576). Accordingly, we find that the audit methodology was not unreasonable or affected by an error of law.

Petitioner further contends that the Tribunal erred in ruling that he failed to prove that the tax assessment was erroneous. We agree. Petitioner has the burden of establishing, by clear and convincing evidence, that the tax *assessed* here involved was erroneous *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195-196; *Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842), and we believe that he has done so. The evidence developed at the hearing revealed that Inwood Trucking delivered Yel-Bom's gasoline for General Oil during the audit period and submitted computations to General Oil of the number of gallons delivered on each occasion. At the hearing, petitioner submitted an affidavit from the delivery supervisor for Inwood Trucking, as well as testimony by a former vice-president of Inwood Trucking, establishing that Inwood Trucking did not deliver nor did petitioner sell anywhere near the amounts of gasoline indicated in the letter from General Oil. Additionally, the vice-president testified that he and petitioner were in frequent disputes concerning the number of gallons of gasoline delivered to Yel-Bom and that once an adjustment figure was agreed upon, petitioner paid the adjustment billing. It is unclear from the record whether General Oil's figures included all, some or none of those adjustment figures.

The Tribunal determined that general testimonial evidence is inadequate to prove error in the amount of the tax assessed. We would agree if the only testimonial evidence available was petitioner's assertion that the tax assessment was inaccurate *(see, Matter of Flanagan v New York State Tax Commn.,* 154 AD2d 758, 759). A determination is not supported by substantial evidence, however, where the relevant proof offered is not of the quality that a reasonable mind would accept as adequate to support a conclusion or ultimate fact on the record considered as a whole. In short, the proof should be of a substantial nature and have the ability to inspire confidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). That is not the case here. Petitioner has

demonstrated by clear and convincing evidence that General Oil's unsworn letter is unreliable and should not be utilized in computing his tax deficiency. Indeed, the Tribunal recognized the unreliability of that evidence in its decision when it observed that "the evidence in the record discrediting [General Oil's letter] coupled with the tenuous connection of the report to petitioners *[sic]* renders the report inadequate to prove fraudulent underreporting, absent any verification of the [letter]".

Additionally, we note that while the Tribunal found petitioner's evidence credible for the purposes of defeating a finding of fraud, it found the same evidence inadequate to establish the information from General Oil unreliable for the purpose of establishing the tax assessed. We find no rational basis for crediting petitioner's evidence for one purpose and discrediting it for another *(see, Matter of Seagroatt Floral Co. [Riccardi],* 167 AD2d 586, 588, *mod on other grounds* 78 NY2d 439; *see also, People v Blim,* 63 NY2d 718, 721). Accordingly, the determination of the Tribunal must be annulled and the matter remitted for further proceedings not inconsistent with this decision.

Yesawich Jr. and Mikoll, JJ., concur.

Mercure, J. (dissenting). Because it is our view that the conclusion of the Tribunal sustaining the assessment is not inconsistent with its conclusion that the evidence was insufficient to uphold the fraud penalty, we would confirm the Tribunal's determination and dismiss the petition.

We agree with respondents that petitioner "had the burden of proving at the hearing by clear and convincing evidence that the deficiency assessment was erroneous" *(Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842, 843, *supra)* and, in contrast, to establish fraud, the Commissioner of Taxation and Finance had the burden of producing clear and convincing proof of petitioner's intent to violate the Tax Law and evade the payment of tax *(see, Matter of Kucherov v Chu,* 147 AD2d 877).

Based upon our review of the record, the determination of the Tribunal that neither petitioner nor the Commissioner met his respective burden of proof was by no means irrational *(see, Valetti v Commissioner of Internal Revenue,* 260 F2d 185; *Olinger v Commissioner of Internal Revenue,* 234 F2d 823).

Weiss, J. P., concurs. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision.