■ MARTIN GLANTZ, Respondent, v ROCHELLE S. GLANTZ, Appellant. — In a divorce action, defendant appeals from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated January 20, 1981, which, *inter alia,* after a hearing, granted the plaintiff father custody *pendente lite* of the three children of the marriage, and denied defendant visitation; and (2) a further order of the same court, dated July 1, 1981, which denied defendant's motion to renew her application for reasonable visitation *pendente lite*. Orders affirmed, without costs or disbursements. It is directed that the trial of the divorce action be commenced no later than February 1, 1982. On October 29, 1981 this court stayed the enforcement of the two orders appealed from, pending determination of said appeals, to the extent of permitting defendant to have supervised visits with the three children of the parties. On this record, it cannot be said that Special Term abused its discretion when it granted plaintiff custody *pendente lite* of the three children of the marriage, and denied defendant visitation. Although this determination was based in part upon an *in camera,* off-the-record interview of the children by the court (cf. *Hasan Abu Romi v Hazieem Hamdan,* 70 AD2d 934), defendant explicitly agreed to this procedure, and therefore waived her objections. In any event, allegations that defendant verbally and physically abused the children were corroborated by plaintiff's sworn testimony, and defendant's own admissions. In reaching our determination, we have not considered the allegation that plaintiff, subsequent to entry of the orders appealed from, absconded to Dallas, Texas, with the children. If this is the case, plaintiff may be in contempt of this court's order of October 29, 1981. Further, such would constitute a significant change in circumstances. However, these considerations are properly left to other proceedings at Special Term or in this court, and to the trial of the divorce action. Since these *pendente lite* orders have effectively denied the children any contact with their mother, we deem it imperative that the parties proceed immediately to trial and the final adjudication of their rights. We therefore direct that the trial of the divorce action be commenced no later than February 1, 1982. Damiani, J. P., Mangano and Gibbons, JJ., concur.

Lazer, J., dissents to the extent of voting to modify the orders so as to grant the defendant the right to visitation in the presence of the maternal grandfather, Jack Hochman, and otherwise votes to affirm, with the following memorandum: The fact that the defendant has not seen her children for 11 months is a sad reflection on the consequences of this bitter custody fight in which both parents seem at times to have defied the law. Although the husband's action in absconding to Texas with the children may render all our efforts futile, I would

still continue the order of supervised visitation which this court authorized in response to the mother's motion pending the appeals.