■ In the Matter of GRECIAN SQUARE, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent

which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner owns and operates a small bar located in Astoria, Queens County. The Sales Tax Bureau of the Department of Taxation and Finance sent petitioner two notices of determination and demand for payment of sales and use taxes. The first notice covered the period of June 1, 1977 to August 31, 1977 and estimated sales tax due in the amount of $1,642.40, plus interest and penalties. The second notice covered the period of September 1, 1977 to August 31, 1980 and estimated sales tax due in the amount of $22,551.84, plus interest and penalties. Petitioner filed a petition with respondent seeking a redetermination of the sales tax due.

At the hearing, held in January 1984, petitioner's accountant testified that all of petitioner's records for 1977 through 1979 had been inadvertently destroyed. He attempted to reconstruct petitioner's disbursements for those years from bank statements and check stubs. Based on his financial reconstruction, he prepared a set of working papers to reflect his estimation of petitioner's sales for the period in question, which totaled $104,231. James V. McKenna, an auditor employed by respondent, testified that he could not use the working papers prepared by petitioner's accountant because there was no way to verify the figures he used. McKenna stated that, based upon his experience, he felt the total sales claimed by petitioner were too low and, accordingly, drastically increased the amount which petitioner claimed. The sales tax due was calculated from this figure. The instant CPLR article 78 proceeding challenging respondent's determination was commenced in January 1985 and has been transferred to this court for determination.

Initially, we find that petitioner's failure to produce adequate records provided a sufficient ground for respondent's auditor to consider outside indices in establishing petitioner's tax liability. Petitioner was required to keep records of each sale, including a true copy of each sales slip, invoice, receipt, statement or memorandum (Tax Law §§ 1135, 1131 [1]). Although petitioner offered work sheets which attempted to reconstruct its disbursements for June 1, 1977 to December 30, 1979 and a set of ledger books for January 1, 1980 to August 31, 1980, these records do not satisfy the statutory directive that records of individual sales or charges must be retained for a period of three years (Tax Law § 1135). Petitioner only had a few invoices to prove its actual purchases and had no guest checks or cash register tapes to verify its

actual sales. Furthermore, a substantial portion of petitioner's purchases were made using cash and thus verification was impossible. Since petitioner's records were unreliable and incomplete, it was proper to determine its tax liability by resort to outside indices (see, Tax Law § 1138 [a] [1]; *Matter of Urban Liqs. v State Tax Commn.,* 90 AD2d 576).

Next, we must determine whether the method used by respondent to estimate petitioner's tax liability was arbitrary and capricious. Where insufficient records are maintained, respondent is authorized to select a method reasonably calculated to estimate sales tax liability (Tax Law § 1138 [a] [1]; *Matter of Ristorante Puglia v Chu,* 102 AD2d 348, 350). It is then incumbent upon petitioner to demonstrate by clear and convincing evidence that both the method used to arrive at the assessment and the assessment itself are erroneous (*Matter of Micheli Contr. Corp. v New York State Tax Commn.,* 109 AD2d 957, 959).

Here, respondent's auditor found petitioner's sales figure to be much lower than other establishments which he had audited. Accordingly, he increased petitioner's estimated sales figure by 200%. However, the record does not disclose any specific information concerning the bars which McKenna had audited and found to have been comparable to petitioner's. As best as we can determine, no such information was given petitioner in advance of the hearing. At the hearing, McKenna merely stated that he had estimated sales by calling upon his wide experience in auditing other bars. Considerable latitude is given an auditor's method of estimating sales under such circumstances as exist in this case (see, *Matter of Carmine Rest. v State Tax Commn.,* 99 AD2d 581). Nevertheless, there was insufficient evidence before respondent to determine whether a rational basis existed for the auditor's computation. By the same token, without some information about the size, location, number of employees and nature of the operation, this court is unable to make a determination as to the existence of a rational basis. Hence, the matter must be remitted to respondent for further testimony of McKenna in accordance with this decision.

Decision withheld, and matter remitted to respondent for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.