In the Matter of KING CRAB RESTAURANT, INC., Petitioner, v RODERICK G. W. CHU, as Commissioner of the State Tax Commission, Respondent.

Third Department, December 30, 1987

APPEARANCES OF COUNSEL

*Kalina & Guido (Robert Kalina* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Wayne L. Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J. P.

Petitioner operates a restaurant and bar located in New York City. The Audit Division of the Department of Taxation and Finance notified petitioner that it was conducting an audit of petitioner's sales tax returns covering the period of June 1, 1979 through May 31, 1982. Thereafter, the Department's tax auditor determined that the records supplied by petitioner for the audit were incomplete and inaccurate and thus were insufficient to conduct a detailed audit. Therefore, the auditor used a "test period" analysis which resulted in an estimated tax only. Based upon this audit, petitioner received a notice of determination and demand for payment of sales and use taxes in the amount of $27,524.85, plus interest and a penalty. Petitioner challenged this determination claiming, *inter alia,* that complete books and records were available and therefore the use of a test period to get an estimated tax was improper. A hearing was held at which the only witness to testify was the auditor. The State Tax Commission, in holding that the use of a test period to compute petitioner's tax liability was justified, found that the records provided by petitioner were indeed inadequate to conduct a complete audit. However, in accordance with a prehearing conference agreement, the Tax Commission reduced the assessment to $18,629.87 and canceled the penalty imposed. Petitioner then commenced the instant CPLR article 78 proceeding which was transferred to this court.

In this proceeding, petitioner again contends that the audit was improperly conducted because there was no showing that its records were insufficient so as to justify the use of a test period to determine the amount of tax due. We agree with this contention and, accordingly, annul the Tax Commission's determination. Tax Law § 1135 requires a vendor to maintain records of his sales for audit purposes; when it is shown that the records of a business are unreliable and incomplete, a test period audit resulting in an estimated tax is permissible *(Matter of Korba v New York State Tax Commn.,* 84 AD2d 655, *lv denied* 56 NY2d 502). However, an auditor cannot

simply ignore a taxpayer's records and conduct such an audit if the records made available do in fact provide an adequate basis on which to determine the amount of tax due *(supra)*.

In the instant case, the auditor was presented with guest checks, bank statements, a general ledger, a cash disbursements journal and purchase invoices for the entire audit period, except for the first seven months. Since petitioner did not maintain cash register tapes, these were not made available. Bank statements were made available for the first seven months. The auditor testified that he spot-checked one box of guest checks and found them to be out of chronological order. He did not check to see whether guest checks were available for the first seven months of the audit period. Based on his spot check and the lack of cash register tapes, he determined that petitioner's records were inadequate. He also testified that because it was his view that complete records were not available for the first seven months of the audit period, he "automatically assumed inadequacy of [all] records" and he decided to estimate petitioner's food markup because "it was too time consuming" to do a complete markup.

In our view, the auditor did not make a sufficient investigation of the records made available to him to justify his conclusion that the records were incapable of supporting a complete audit. As a result, the estimate procedures adopted were arbitrary and capricious and lacked a rational basis *(see, Matter of Hard Face Welding & Mach. Co. v State Tax Commn.,* 81 AD2d 967; *Matter of Chartair, Inc. v State Tax Commn.,* 65 AD2d 44). There is no requirement that guest checks be placed in chronological order. Further, cash register tapes are not required if the information they contain can be gleaned from other sources *(see, Matter of Christ Cella, Inc. v State Tax Commn.,* 102 AD2d 352). The decision in *Matter of Goldner v State Tax Commn.* (70 AD2d 978, *lv denied* 48 NY2d 608) is not to the contrary given that the taxpayer in that case failed to retain either guest checks or cash register tapes. Additionally, failure to conduct a complete audit cannot be justified simply because it would have required additional work *(Matter of Babylon Milk & Cream Co. v Bragalini,* 5 AD2d 712, *affd* 5 NY2d 736), or because the records were too voluminous *(Names in The News v New York State Tax Commn.,* 75 AD2d 145).

As a consequence of the auditor's failure to conduct a thorough examination of the records before him, it is impossible to assess the sufficiency of the records and therefore the

use of a test period was improper *(cf., Matter of Hanratty's/ 732 Amsterdam Tavern v New York State Tax Commn.,* 88 AD2d 1028, *lv denied* 57 NY2d 608, *mot to dismiss appeal granted* 57 NY2d 954; *Matter of Korba v New York State Tax Commn.,* 84 AD2d 655, *supra).*

Finally, since petitioner has demonstrated that the audit was conducted upon a principle that was fundamentally erroneous, it was not necessary for petitioner to prove the exact amount of the overassessment *(see, Matter of Babylon Milk & Cream Co. v Bragalini,* 5 AD2d 712, *supra).* In arguing that the auditor had enough records before him to conduct a complete audit, petitioner was attacking the basis for the auditor's determination and not the audit method itself or the amount of tax assessed. Therefore, for that particular portion of petitioner's argument the "clear and convincing evidence" standard did not apply *(see, Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842; *Matter of Day Surgicals v State Tax Commn.,* 97 AD2d 865).*

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Determination annulled, with costs, petition granted, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

---

* At the hearing, petitioner did make the additional arguments that the method adopted by the auditor to make his tax assessment was incorrect and that the amount of the tax assessed was improper. However, insofar as our decision has credited petitioner's claim that the auditor did not conduct a proper examination of its records, we need not address these additional arguments.