■ In the Matter of S. H. B. SUPER MARKETS, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commis-

---

sion which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, which operates a supermarket in Brooklyn selling both food and housewares, was audited for sales and use taxes for the period September 1, 1978 through August 31, 1982. Following field audits, the Audit Division of the Department of Taxation and Finance issued three notices of determination and demand for payment of sales and use taxes due aggregating some $188,147, including interest and penalties. Following an administrative hearing, the State Tax Commission upheld the assessments in all respects giving rise to this CPLR article 78 proceeding.

Petitioner's initial argument attacks the use of a test-period analysis and markup audit pursuant to Tax Law § 1138 (a) (1), which authorizes "external indices" to estimate the amount of sales tax due when "necessary". Here, the auditor requested all of petitioner's source documents of the reported taxable sales in the housewares category. Although ledgers showing the daily breakdown of each cash register in the store and the cash register tapes were presented, the auditor determined that these records did not indicate whether the proper amount of taxes were being collected. The auditor then reconstructed sales by analyzing purchases and determined a product mix (the ratio of taxable to nontaxable merchandise) using purchase invoices (some of which were one year old) and records. By comparing costs with selling prices, the auditor determined the markup on goods using shelf prices and prices provided by petitioner's employees. Because the register tapes did not separately state taxable and nontaxable sales and because original source documentation was not made available, the auditor justified the use of estimates compiled through external indices for the test period (see, Tax Law § 1138 [a] [1]; cf., *Matter of Chartair, Inc. v State Tax Commn.*, 65 AD2d 44).

Under the circumstances found here, use of the test period and markup audit was neither arbitrary nor capricious (see, *Matter of Licata v Chu*, 64 NY2d 873; *Matter of Korba v New York State Tax Commn.*, 85 AD2d 655, *lv denied* 56 NY2d 502). Petitioner's challenge to both the methodology and accuracy of the test period and markup procedure are not convincing. Where a taxpayer fails to maintain records which are sufficient for the purpose of computing tax liability, "it is [the State Tax Commission's] duty to select a method reasonably calculated to reflect the taxes due" (*Matter of Surface Line Operators Fraternal Org. v Tully*, 85 AD2d 858, 859; see, *Matter of Grant Co. v Joseph*, 2 NY2d 196, 206, *cert denied* 355

US 869). Nor, in such circumstances, is exactness required *(Matter of Meyer v State Tax Commn.,* 61 AD2d 223, 228, *lv denied* 44 NY2d 645).

We further find that petitioner has failed to sustain its burden of demonstrating by clear and convincing evidence that the method of audit used or the amount of tax assessed was erroneous *(see, Matter of Surface Line Operators Fraternal Org. v Tully, supra,* at 859; *see also, Matter of Blodnick v New York State Tax Commn.,* 124 AD2d 437, 438, *appeal dismissed* 69 NY2d 822).* Upon oral argument, petitioner vigorously contended that the results of the audit showing an underpayment of sales tax of over $100,000 was inconceivable because it indicated underreporting of approximately $4,000,000 in taxable sales. Petitioner cites this court's decision in *Matter of Snyder v State Tax Commn.* (114 AD2d 567) in support of its argument. We disagree with petitioner's contention. In *Snyder* we found a complete lack of evidence in the record to support the Tax Commission's determination and the audit report, which we further found irrational on its face *(supra,* at 568). Here, petitioner's own records, upon which it relies, are insufficient to demonstrate that the audit was erroneous. It was not possible for the auditor to break out the taxable sales of housewares from the cash register tapes and ledger summaries. In *Matter of Meyer v State Tax Commn. (supra,* at 228), this court stated that "where the taxpayer's own failure to maintain proper records prevents exactness in determination of sales tax liability, exactness is not required". The same result pertains here.

Finally, we are unable to say that the assessment of penalties was arbitrary and capricious. The Tax Commission concluded that by reason of the substantial discrepancy between the amount of tax reported and the amount of tax found to be due on audit, and the fact that petitioner itself relied on estimates rather than its books and records in filing sales tax returns, the penalties were not inappropriate. The auditor recommended imposition of penalties because petitioner had been audited at least two other times and had not subsequently complied with the audits. He further testified that no indication of a reasonable cause for the large deficiency had been offered (20 NYCRR 536.5 [b]). Since reduction of penal-

---

* We note that the Tax Commission did grant relief to the extent that the pilferage allowance was increased, adjustments were made decreasing the deficiency due to the elimination of certain purchases erroneously included, and certain other adjustments were made.

ties and interest is a matter of discretion for the Tax Commission under the statute (Tax Law § 1145 [a]; *see, Matter of Petrolane Northeast Gas Serv. v State Tax Commn.,* 79 AD2d 1043, 1044, *lv denied* 53 NY2d 601; *see also, Matter of Franklin Mint Corp. v Tully,* 94 AD2d 877, 879, *affd* 61 NY2d 980), we are constrained to confirm.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.