■ In the Matter of MESKOURIS BROTHERS, INC., Petitioner, v RODERICK G. W. CHU et al, Constituting the New York State Tax Commission, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner operates a hamburger restaurant on Manhattan's east side. A field audit for sales tax purposes, conducted by the Audit Division of the Department of Taxation and Finance, disclosed that petitioner's books and records were insufficient to enable the auditors to verify petitioner's taxable sales. Pursuant to Tax Law § 1138 (a), then in effect, the auditors determined that an observation test was the only indirect method by which petitioner's sales tax liability could be calculated. Petitioner does not question the auditors' need to resort to an indirect audit method but challenges the methodology employed, an observation test. That test consisted of a tax auditor actually observing petitioner's business transac-

tions from 9:30 A.M. to 4:45 P.M. on Tuesday, November 13, 1979, and from approximately 9:30 A.M. to 5:00 P.M. on Friday, November 16, 1979; the audit period involved was from March 1, 1976 through November 30, 1979. Petitioner, eventually assessed unpaid sales taxes of $57,809.63, plus interest, as well as penalties for failure to maintain adequate records, paid all charges, posted an undertaking for costs, and then sought a refund of $36,856.73.

At the ensuing administrative hearing, the issue presented was whether the audit methodology resulted in a reasonable estimation of petitioner's sales and use tax liability. Petitioner produced evidence from two experts who attested to the statistical inadequacy of a sales projection for approximately 1,300 days of operation based upon a two-day sampling. During the hearing, petitioner took rigorous exception to the Hearing Officer's ruling admitting into evidence, without limitation as to its use, the audit report which contained comments thereon by the author of the audit, who was no longer in the Department's employ and unavailable for cross-examination, to the effect that petitioner's president had sought to mislead the auditors as to petitioner's closing time which in fact was 1:00 A.M. Though not disputing the admissibility of the report itself for calculation or audit purposes, petitioner objected to admission of the "ancillary commentary material".

The State Tax Commission concluded that petitioner's books and records were so deficient that the auditing method selected was virtually the only technique "reasonably calculated to reflect the sales and use taxes due", that it was the taxpayer's burden to show in what respect the taxes estimated to be due were erroneous, and that since petitioner failed to present any alternative verification of any of its reported sales, the denial of the refund was appropriate. Petitioner then commenced this CPLR article 78 proceeding to review and set aside the Tax Commission's determination as arbitrary and capricious.

Where the taxpayer's books and records are undeniably inadequate, the Tax Commission cannot be required to compute the tax owed with a high degree of precision or be held to ensure that the amount arrived at accords with statistical norms, for an accurate reckoning has been thwarted by petitioner's failure to comply with the law regarding record keeping (see, Matter of Grant Co. v Joseph, 2 NY2d 196, 206). Given the abysmal state of petitioner's records, we are unwilling to fault the Tax Commission for its conclusion that the audit method devised, though clearly not immune from attack,

was reasonably designed to ascertain what petitioner's taxes should have been. At best, petitioner has only demonstrated that the Tax Commission's tax calculation is imprecise; it has not, however, met its more onerous obligation of proving by clear and convincing evidence that the result of the method used was unreasonably inaccurate or that the amount of the tax assessed is erroneous *(see, Matter of Surface Line Operators Fraternal Org. v Tully,* 85 AD2d 858, 859).

As for petitioner's complaint that the auditor's "ancillary commentary material" was inadmissible hearsay, it suffices to note that hearsay is admissible in an administrative proceeding *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139), and further, that although there was a controversy over petitioner's closing time, the Tax Commission did not rely on the auditor's statement in this regard in arriving at its determination.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.