■ In the Matter of JOSEPH A. BONANNO, Doing Business as ELWOOD MARKET OF THORNWOOD, Petitioner, v STATE TAX COMMISSION, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

On June 18, 1982, the Audit Division of the Department of Taxation and Finance issued two notices of determination and demand for payment of sales and use taxes due against petitioner, operator of a grocery store and delicatessen, assessing tax due in the amount of $17,259.54 for the period February 29, 1976 through November 30, 1980 and $6,798.33 for the period February 1, 1981 through August 31, 1981. Petitioner filed a perfected petition for redetermination covering both assessments and administrative hearings were held on May 8, 1985 and November 22, 1985.

Francis Newsome, the auditor's supervisor, testified that petitioner, although directed to produce all records, including general ledgers, cash receipts, cash disbursements, bank statements, cash register tapes and daily sheets, supplied only a box of purchase invoices and bank statements, with five quarters incomplete. According to Newsome, although petitioner claimed that the box contained all of the invoices for the audit period, there was no way to determine if all of the invoices were present because of petitioner's failure to maintain journals relating to purchases or sales. In the absence of formal records, the auditor performed a purchase markup test, utilizing the bank statements and purchase invoices for

the months of September, October and November 1980 to estimate sales and use tax liability for the entire audit period.

Petitioner's representative, Joseph Grabowski, although acknowledging that insufficient records were available at the time the audit was performed, offered work sheets purporting to summarize cash and check purchases for the years 1979 through 1981, which he indicated petitioner had prepared approximately two months prior to the hearing. Petitioner did not appear at the hearing to authenticate the work sheets, explain their content or offer testimony. Respondent found that the auditor was justified in resorting to a test period and markup method of audit and that, with the exception of an adjustment to the markup of beer and soda agreed to by the auditor subsequent to the audit, petitioner failed to prove the audit findings erroneous. Respondent accordingly reduced the sales and use tax due to $16,242.26. We confirm that determination.

The initial contention, that adequate records existed to permit a complete audit and that a test period and markup audit should not have been employed, is belied by the record. Petitioner's own representative acknowledged that insufficient records existed at the time of the audit. Further, the records produced at the hearing, nothing but a summary of available invoices and check records prepared long after the event, did not comply with the requirement that petitioner maintain original records of its sales (see, Tax Law § 1135; *Matter of Goldner v State Tax Commn.,* 70 AD2d 978, *lv denied* 48 NY2d 608). Clearly, there was substantial evidence to support the finding that petitioner's records were inadequate and that a test period and markup audit was justified (see, *Matter of S.H.B. Super Mkts. v Chu,* 135 AD2d 1048, 1049; *Matter of Sol Wahba, Inc. v New York State Tax Commn.,* 127 AD2d 943, 944).

Petitioner's remaining contention, that respondent's determination was arbitrary and capricious, is equally unpersuasive. The burden is on petitioner to establish by clear and convincing evidence that the method of audit or the amount of the tax assessed was erroneous, a burden which was not met by petitioner's inadequate financial records and general statements of dissatisfaction with the audit and its results (see, *Matter of S.H.B. Super Mkts. v Chu, supra,* at 1050).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.