■ In the Matter of A & J GIFTS SHOP—JOSEPHINE VANNI, Petitioner, v RODERICK CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was a small family-owned partnership comprised of Josephine and Eugene Vanni and Adele and Francis Gottron, which sold brass and copper knickknacks and household items from two locations on weekends. The Vannis sold goods at garage sales in Suffolk County, while the Gottrons operated out of a flea market in Westchester County. From December 1, 1979 through May 31, 1981, petitioner filed sales tax returns for both locations under one certificate of authority to collect sales tax. However, as of the beginning of June 1981, Helen Vanni operated the flea market under a separate certificate.

In November 1980, the employees of the Department of Taxation and Finance observed the operation of the flea market location and subsequently held an audit based on the low sales figures that petitioner had been reporting. Petitioner was unable to produce requested records and a proposed audit adjustment was then made and forwarded to petitioner detailing the alleged sales tax deficiency. In May 1983, the Department issued a notice of determination and demand for sales taxes due for the period from December 1, 1979 through May 31, 1982 for $4,900.11, plus penalty and interest. This figure was based upon an external index utilized by the Department due to petitioner's inadequate records.

Petitioner sought administrative review of the notice of determination on the ground that, among other things, the Department utilized a method of calculating sales tax liability that was unreasonable. After a hearing was held, the State Tax Commission found that the audit methodology was reasonable and that there was no distinguishable difference between petitioner and Helen Vanni, thereby justifying the treatment of the two as one business entity. The original assessment was modified, however, in two respects. First, the Tax Commission reduced petitioner's tax liability by 21% because petitioner did no business during 30 weeks of the audit period. The tax liability was also reduced by the amount

of sales taxes paid by Helen Vanni during the audit period. This CPLR article 78 proceeding to annul the Tax Commission's final determination ensued and was transferred to this court (CPLR 7804 [g]).

We find no merit to petitioner's contention that the method of audit used (which calculated the sales tax due based upon an external factor of 10 times petitioner's rent) was arbitrary and capricious. As the records provided by petitioner were incomplete and insufficient, it was the Tax Commission's duty to select a method of audit reasonably calculated to reflect the taxes due *(see, Matter of Grecian Sq. v New York State Tax Commn.,* 119 AD2d 948, 950; *Matter of Ristorante Puglia v Chu,* 102 AD2d 348, 350).* The burden then rests with the taxpayer to establish by clear and convincing evidence that the method of audit or the amount of tax assessed was erroneous *(Matter of Koren-Di Resta Constr. Co. v State Tax Commn.,* 138 AD2d 909, 911, *lv denied* 72 NY2d 805; *Matter of S.H.B. Super Mkts. v Chu,* 135 AD2d 1048).* The Tax Commission does not bear the burden of demonstrating the propriety of the assessment *(see, Matter of Koren-Di Resta Constr. Co. v State Tax Commn., supra,* at 911; *Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842, 843).* It appears that the method used in this case was reasonably calculated to reflect the taxes due *(but see, Matter of Ristorante Puglia v Chu, supra,* at 351).*

The external index used was developed based upon a special flea market program carried out by the Department. Initially, sales were calculated based upon a Dun and Bradstreet report which found rent to generally be 4% of the cost of doing business. Accordingly, sales were calculated to be 20 times the rent. This gross sales figure was adjusted downward to 10 times the rent on the basis of the Tax Commission's experience with the flea market program and audits of similar vendors in the industry. An error figure was also utilized to calculate the final sales tax due. This method cannot be said to be unreasonable. It was developed specifically for flea markets and adjusted when found to be too high.

Petitioner presented no proof at the hearing that the audit methodology used was not a valid method of determining a tax deficiency, and the records supplied do not provide support for petitioner's claim that the method utilized resulted in an overestimation of actual sales *(see, Matter of Guiliano v Chu,* 135 AD2d 893, 895).* Here, the findings of the Tax Commission are supported by substantial evidence and there is a rational basis in the record for using an external index. Accordingly, this court will defer to the determination of the Tax Commis-

sion *(see, supra; Matter of Lionel Leasing Indus. Co. v State Tax Commn.,* 105 AD2d 581, 583-584).

We also reject petitioner's argument that it was error for the Tax Commission not to treat petitioner and Helen Vanni as separate entities for audit purposes, but as one business. There is ample evidence to support the determination that the two businesses were one entity. Significantly, petitioner was given credit for sales tax payments made on behalf of Helen Vanni.

Finally, petitioner's claim that it was improper to use estimated sales between May 31, 1982 and August 31, 1982 in the Tax Commission's calculations is no longer in issue since the Tax Commission concedes that eliminating the estimated sales for the final quarter would reduce the tax due by modifying the error rate. The Tax Commission has, therefore, agreed to modify the assessment in this regard and the matter should be remitted solely for the purpose of correcting the error rate calculation and modifying the assessment to conform with the change.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.