■ In the Matter of the ESTATE OF JAMES MANNO et al., Petitioners, v STATE OF NEW YORK TAX COMMISSION, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

James Manno and his brother, petitioner Dominick Manno, conducted Astorian Manor as a catering business in Queens County. The business was operated as a partnership through February 28, 1981. From March 1, 1981 through November 30, 1983, James Manno acted as a sole proprietor, and he died on May 5, 1984. In 1983, the Audit Division of the Department of Taxation and Finance conducted an audit of the sales and use taxes paid by Astorian Manor for the period March 1, 1980 through November 30, 1983. It was determined that sales and use taxes of $111,427.33 (not including penalties and interest) were due, and notices of determination and demand were issued. Petitioners made timely application to respondent to set aside the assessment.

A hearing was held at which the Audit Division's primary auditor agreed to reduce the tax due on expense purchases and fixed assets. With reference to the sales tax, however, the auditor, while agreeing that total sales as stated in petition-

ers' books were in close agreement with Federal tax returns and State sales tax returns, nevertheless described that petitioners' books and records were wholly inadequate in that they failed to record numerous affairs. As a result of petitioners' record deficiencies, a two-year analysis was done of petitioners' appointment book to see if the affairs listed in the appointment book were listed in the sales and cash receipt book. The Audit Division found that 175 affairs were listed in the appointment book but nowhere else. To check on these unrecorded affairs, the Audit Division sent letters or made field visits or telephone calls to the customers who contracted for the affairs. Of the 175 affairs, 30 were verified by actual contracts, 25 were verified by oral or written statements and 105 were estimated by appointment book notations because the individuals involved, while not denying that the affair took place, refused to cooperate. The prices of the remaining 15 affairs were determined by averaging the sales prices of the aforementioned 160 affairs. Based on this methodology, the Audit Division projected the two-year analysis for the entire audit period and determined that sales tax was due on $827,078 in sales for the entire period.

Respondent, in keeping with the primary auditor's agreement, reduced the tax due on expense purchases and fixed assets. Respondent further concluded that the sales tax returns were erroneous because of underreported sales, upheld the test audit because of inadequate records and fixed petitioners' sales tax due at $67,449.41. Petitioners then commenced this CPLR article 78 proceeding to set aside the notices of sales and use tax assessment for the periods March 1, 1980 through February 28, 1981 and March 1, 1981 through November 30, 1983. Supreme Court transferred the proceeding to this court.

Initially, we reject petitioners' argument that they have a right to have their tax liability established by their actual records and that their right to due process of law was violated by the auditor's resort to outside sources. A claim of denial of due process which was not raised in the pleadings or at the administrative hearing, as here, cannot be raised for the first time in this court (see, e.g., Matter of Koren-Di Resta Constr. Co. v State Tax Commn., 138 AD2d 909, 911, lv denied 72 NY2d 805; Matter of Haz-O-Waste Corp. v Williams, 103 AD2d 1001). Furthermore, petitioners failed to object to the admission of the documents in issue. Accordingly, this claim has not been preserved for our review.

We also reject petitioners' claim that the determination is

unsupported by substantial evidence. When, as here, the taxpayer's records are insufficient, respondent must select a method reasonably accurate to assess the taxes due (Tax Law § 1138 [a] [1]; *see, e.g., Matter of Meskouris Bros. v Chu,* 139 AD2d 813, 814-815). The taxpayer must then establish by clear and convincing evidence that the audit method or tax assessment is erroneous *(see, e.g., Matter of Bonanno v State Tax Commn.,* 145 AD2d 693). Respondent's determination must be confirmed if there are any facts or reasonable inferences from the facts supporting the determination *(see, e.g., Matter of Finserv Computer Corp. v Tully,* 94 AD2d 197, 200, *affd* 61 NY2d 947).

In this case, respondent's audit revealed that petitioners' books and records did not include all of Astorian Manor's sales, thus preventing an assessment based on actual sales. The two-year analysis revealed that 175 sales were recorded in petitioners' appointment book but not recorded in their sales record. To support the allegation that the books and records were incomplete, 55 documents representing contracts and receipted letters were introduced. This proof went largely unrebutted at the hearing. Thus, the only evidence in the record is that petitioners' records were incomplete and inaccurate, thereby allowing an estimate of additional taxes pursuant to Tax Law § 1138 (a) (1) *(see, Matter of Grecian Sq. v New York State Tax Commn.,* 119 AD2d 948, 949-950). In the absence of clear and convincing evidence by petitioners that the audit method or the tax was erroneous, the sales tax assessment must be upheld *(Matter of Urban Liqs. v State Tax Commn.,* 90 AD2d 576, 577). Petitioners' reliance upon *Matter of Chartair, Inc. v State Tax Commn.* (65 AD2d 44, 46-47) is misplaced. This simply is not a case where petitioners have the right to an audit based upon their own well-kept, comprehensive records.

Finally, petitioners failed to establish that the assessment of the taxes on the expense purchases and fixed assets as conceded by the auditor was arbitrary or capricious.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.