■ In the Matter of VEBOL EDIBLES, INC., Doing Business as HICKORY HOUSE, et al., Petitioners, v STATE OF NEW YORK TAX APPEALS TRIBUNAL et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Audit Division of the Department of Taxation and Finance conducted a sales and use tax audit of petitioner Vebol Edibles, Inc. operator of a coffee shop in New York City, for the period March 1, 1981 through February 29, 1984. Because Vebol was unable to provide cash register tapes, guest checks, cash ledgers or any other sales records for the audit period, the Audit Division resorted to the use of a two-day observation test, conducted on February 16 and 21, 1984. Average daily sales of $2,005 were computed which, projected through the entire audit period, produced a total estimated sales figure of $1,863,732 based upon 5½ days per week, estimating Saturday sales at 50% of weekday sales. Downward adjustments were then made for 11 holiday closings per year, treating the holidays as Saturdays, for annual inflation rates of 10%, 5% and 4%, respectively, and to allow for nontaxable take-out sales of baked goods and fresh fruit, bringing about an adjusted taxable sales figure of $1,680,399. After further adjustments for tax due for overcollections and on cigarette sales, Vebol and its principal, petitioner Edward Bolski, were assessed sales taxes due of $78,426.78, plus penalty of $16,645.33 and interest of $20,035.54, for a total of $115,107.65.

After a hearing, an Administrative Law Judge modified the assessment to provide for 12, rather than 13, quarters in the audit period, to compute Saturday sales at 25% rather than 50% of weekday sales, to treat holidays as weekdays and not as Saturdays, and to increase the downward adjustment for sales of baked goods and fresh fruit. The Audit Division's assessment was confirmed as modified. Upon further review by respondent Tax Appeals Tribunal, the determination of the

Administrative Law Judge was sustained. This proceeding followed.

The determination of the Tax Appeals Tribunal should be confirmed and the petition dismissed. We reject the contention that respondents erred in conducting the two-day observation test and that, instead, a more accurate markup test should have been performed. As this court has consistently held, use of a test period to estimate sales tax is proper when the taxpayer's records for the audit period are insufficient *(see, Matter of Giordano v State Tax Commn.,* 145 AD2d 726, 727; *Matter of S. H. B. Super Mkts. v Chu,* 135 AD2d 1048, 1049). "Sufficiency means the ability to verify taxable sales receipts and conduct a complete audit" *(Matter of Giordano v State Tax Commn., supra,* at 727). Here, it is undisputed that petitioners did not furnish the Audit Division with any cash ledgers, cash register tapes, guest checks or any other sales records for the audit period. The offer of evidence of bank deposits was wholly insufficient in the absence of original source documents to confirm that all receipts were actually deposited *(see, Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, 909-910, *lv denied* 74 NY2d 616; *Matter of Bonanno v State Tax Commn.,* 145 AD2d 693, 694). In contrast, in *Matter of King Crab Rest. v Chu* (134 AD2d 51), relied upon by petitioners, the auditor was supplied with guest checks, bank statements, a general ledger, a cash disbursements journal and purchase invoices for all but seven months of the audit period *(supra,* at 53).

Moreover, the record supports the Tax Appeals Tribunal's factual determinations that Bolski agreed to the observation test *(see, Matter of Sloan's Supermarkets v Chu,* 140 AD2d 794, 796) and that petitioners failed to establish the existence of a complete set of reliable purchase invoices *(see, Matter of Bonanno v State Tax Commn.,* 145 AD2d 693, *supra).* Similarly, there is no evidence in the record to support the contention that the Audit Division improperly apportioned the excess sales tax liability equally over the 12 quarters of the audit period. The taxpayer must establish by clear and convincing evidence that the audit method or tax assessment is erroneous *(Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, 910, *supra; Matter of Estate of Manno v State of N. Y. Tax Commn.,* 147 AD2d 805, 807, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864), a burden which has not been satisfied by these conclusory allegations of error.

Determination confirmed, and petition dismissed, without

costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.