■ In the Matter of OMAR SHUKRY et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The primary questions presented in this CPLR article 78 proceeding brought pursuant to Tax Law § 2016 are (1) whether the determination that the audit methodology employed (a rent factor adjusted to reflect the time and business conditions) did not result in an erroneous tax imposition was arbitrary and capricious, and (2) whether the determination

that petitioners failed to demonstrate "reasonable cause" for their underpayment of tax due was arbitrary and capricious.

In 1979 petitioners (Omar Shukry and his brother, Hassan Kassem) formed a corporation to service and repair televisions out of a small store in a lower middle class neighborhood in Queens County under the name Nora T.V., Inc. Each owned 50% percent of the corporation's stock. Shukry was primarily responsible for performing repairs and Kassem for customer relations. In the latter part of 1981 Shukry became ill and did not work on a regular basis. In 1985 petitioners discontinued the business.

In July 1985, the Audit Division of the Department of Taxation and Finance began an audit of Nora T.V. Petitioners gave the Audit Division all the records they maintained for the business and the Audit Division did a field survey. Finding that petitioners' records were inadequate, the Audit Division employed an external index, the rent as a percentage of gross receipts to compute the tax due, in order to complete the audit. The Audit Division then served notices of deficiency and demanded $61,896.65 from petitioners, of which $41,688 represented overdue tax and the remainder interest and penalties. Petitioners initiated a conciliation conference and eventually the amount due was reduced to $15,493.18 plus interest and penalties.

After a hearing an Administrative Law Judge found, *inter alia,* that the Audit Division acted rationally in basing its tax computation on an external index and that the assessment of penalties was proper. The matter was taken to respondent Tax Appeals Tribunal, which, *inter alia,* rejected petitioners' request for oral argument, affirmed the determination of the Administrative Law Judge and sustained the notices of deficiency as modified by the conciliation orders. The instant proceeding to review the Tribunal's determination followed.

Petitioners do not contest the finding that their records were inadequate. Rather, they argue that the rent factor from a Dun and Bradstreet survey used to compute the tax due was without rational basis. They claim that a test period audit and observation would have accurately determined the true business receipts for Nora T.V. Petitioners' argument, however, overlooks the fact that although the methodology used for the audit in this case, i.e., a rent factor from a Dun and Bradstreet survey, adjusted to reflect the time frame and petitioners' business conditions, was not the best or most precise methodology that could have been used, petitioners have a more onerous burden, that of proving by clear and convincing

evidence that the methodology was not merely imprecise but unreasonably inaccurate and the tax assessed erroneous *(see, Matter of A & J Gifts Shop—Vanni v Chu,* 145 AD2d 877, 878, *lv denied* 74 NY2d 603; *see also, Matter of Meskouris Bros. v Chu,* 139 AD2d 813, 814-815). This they did not do. As it was petitioners' own failure to maintain adequate records that prevented exactness in the assessment, exactness is not required *(see, Matter of Convissar v State Tax Commn.,* 69 AD2d 929, 930).

Respondents' contention that petitioners have not shown the requisite "reasonable cause" for this underpayment has merit. Tax Law § 1145 (a) (1) (i) and (iii) allows for the imposition of penalties which may be abated if the failure to comply was due to "reasonable cause" and not "willful neglect" *(see, Matter of Atlas Linen Supply Co. v Chu,* 149 AD2d 824, 826, *lv denied* 74 NY2d 616; *see also,* 20 NYCRR 536.5). Shukry's testimony indicated that petitioners were ignorant of the law regarding record keeping and that they relied on the advice of others, neither of which constitute "reasonable cause" as used in the statute *(see, Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185, 187).

Weiss, P. J., Levine and Mercure, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.