■ In the Matter of NICHOLAS SARANTOPOULOS, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was held personally responsible for taxes due for the period April 11, 1982 to September 14, 1982, during which time he was an officer of a corporation organized for the purpose of owning and operating a restaurant. Petitioner had a managerial role in the corporation and was responsible for the payment of its taxes during a portion of the audit period. Petitioner contends, as he did before respondent Tax Appeals Tribunal, that the audit method used by the Department of Taxation and Finance was unfair and unreasonable because it failed to accurately assess the sales taxes owed by the corporation.

It is undisputed that the records provided by the corporation were incomplete, unavailable or inadequate to enable the auditor to conduct a detailed audit to verify the taxable sales for the periods in question. As such, the Department could select an indirect audit method reasonably calculated to reflect the taxes due *(see, Matter of Vebol Edibles v State of New York Tax Appeals Tribunal,* 162 AD2d 765, 766, *lv denied* 77 NY2d 803; *Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, 910, *lv denied* 74 NY2d 616; *Matter of Estate of Manno v State of New York Tax Commn.,* 147 AD2d 805, 807, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert denied* 498

US 813). Two auditors performed an all-day observation test on the premises in which they examined all sales made and, after making adjustments for reporting errors, projected sales and taxes due for the entire audit period. In addition, the auditors found purchases of fixed assets and leasehold improvements upon which no sales tax had been paid.

The burden then fell on petitioner to establish by clear and convincing evidence not only that the method used here was erroneous, but also that the taxes found to be due were incorrect (see, *Matter of Vebol Edibles v State of New York Tax Appeals Tribunal, supra,* at 766; *Matter of A & J Gifts Shop—Vanni v Chu,* 145 AD2d 877, 878, *lv denied* 74 NY2d 603). This petitioner has failed to do. Although a "longer test period might have given a better picture of [the] business" *(Matter of Club Marakesh v Tax Commn., supra,* at 910) and the method here is "clearly not immune from attack" *(Matter of Meskouris Bros. v Chu,* 139 AD2d 813, 814), petitioner's claims of error are unsubstantiated.

Petitioner's contention that he should not be held responsible because he was neither in control of nor present at the business is unavailing as the assessment against him had been modified to hold him personally responsible for only the unpaid taxes owed for the period from April 11, 1983 to September 14, 1983, when concededly he was in charge (see, *Matter of Hall v Tax Appeals Tribunal,* 176 AD2d 1006). Finally, petitioner's remaining contention with respect to notice has been considered and found lacking in merit.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.