■ In the Matter of FRANCESCO LOMBARD, Doing Business as PHIL'S PIZZA, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [602 NYS2d 972] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner contends that the sales tax assessment for the audit period at issue was not reasonably calculated because it was based upon an inappropriate and inadequate audit method. Upon learning that petitioner was about to sell his pizza business, and concerned about the adequacy of petitioner's records based on past experience, an auditor for the Department of Taxation and Finance conducted an all-day observation test at petitioner's premises on one Monday in June 1987. The auditor kept track of all items sold during the test period and applied the menu prices to determine that day's gross sales. Records of petitioner's daily sales were not available for June 1987, but they were available for June 1985. Reported gross sales for the quarter which included June 1985 were comparable to those reported for the quarter which included June 1987 and, therefore, the auditor compared the gross sales determined by the test observation with the average daily sales reported by petitioner for Mondays in June 1985. The comparison yielded a margin of error, which the auditor applied to reported taxable sales for the entire audit period, resulting in an assessment of additional sales taxes due.

Petitioner did not maintain sufficient cash register tapes, guest checks or other records to permit a detailed audit to verify the taxable sales reported for the period *(see, Matter of Vebol Edibles v State of N. Y. Tax Appeals Tribunal,* 162 AD2d 765, 766, *lv denied* 77 NY2d 803)* and, therefore, the auditor was justified in resorting to an indirect audit method *(see, Matter of Sarantopoulos v Tax Appeals Tribunal,* 186 AD2d 878). Although the method selected by the auditor must be "reasonably calculated to reflect the taxes due" *(Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, 910, *lv denied* 74 NY2d 616), the method need not be immune from attack as imprecise *(see, Matter of Meskouris Bros. v Chu,* 139 AD2d 813, 814-815). "[W]here the taxpayer's own failure to maintain proper records prevents exactness in determination of sales tax liability, exactness is not required" *(Matter of Meyer v State Tax Commn.,* 61 AD2d 223, 228, *lv denied* 44 NY2d 645). Petitioner suggests that another more accurate method of audit using petitioner's purchases of flour during the audit period was available, but the auditor testified that the only records of purchases available during the audit were inaccurate. Based upon our review of the record, we conclude that petitioner failed to meet his heavy burden of establishing by clear and convincing evidence that the audit method or tax assessment is erroneous *(see, Matter of Vebol Edibles v State of N. Y. Tax Appeals Tribunal, supra,* at 766; *Matter of A & J Gifts Shop v Chu,* 145 AD2d 877, 878, *lv denied* 74 NY2d 603).

Mikoll, J. P., Mercure, Cardona and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.