■ In the Matter of KARAY RESTAURANT CORPORATION et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents. [711 NYS2d 853] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Audit Division of the Department of Taxation and Finance (hereinafter the Department) conducted an audit for the period June 1, 1990 through November 30, 1992 of

petitioner Karay Restaurant Corporation (hereinafter petitioner), the operator of a Greek restaurant in New York City. Petitioners Christos Karayiannis, John Karayiannis and Peter Karayiannis are owners and officers of petitioner and, as such, are " '[p]ersons required to collect tax' " pursuant to Tax Law § 1131 (1) and personally liable for any tax imposed by the Department (*see*, Tax Law § 1132 [a]).

Because petitioner was unable to provide the Department with, among other things, its guest checks for the audit period, the Audit Division utilized the observation day method pursuant to Tax Law § 1138 (a) (1), with observations conducted on July 13, 1990, July 16, 1990 and June 9, 1993.* Notably, this was the fourth time that petitioner had been audited, and petitioner had been repeatedly advised to retain guest checks for audit purposes. Based upon the audit, petitioners received a notice of determination and demand for payment of sales and use tax in the amount of $58,734.31 plus interest and penalties.

Petitioners thereafter challenged the Department's determination, claiming in their petitions that "the assessment was arrived at by [arbitrary] means * * * [and was] excessive and unfair". At the hearing before an Administrative Law Judge (hereinafter ALJ), petitioners presented no evidence and the auditor testified for the Department. The ALJ held that the Department's use of the observation day method was mandated by petitioner's failure to furnish its restaurant guest checks, as it had been directed to do on several occasions, and that petitioners had not met their burden of proving that the amount assessed was erroneous. Notably, the ALJ pointed out petitioners' failure to present any evidence to support their contention that the closing of a large department store four blocks away from the restaurant had caused a decrease in its business during the early quarters of the audit period.

Petitioner filed a notice of exception to the ALJ's determination asserting, among other things, that it was unreasonable to utilize observation days from the prior audit. It also argued that the Department erred in applying a loss of business deduction at a constant rate of approximately 2% across all quarters of the audit period, rather than applying the entire loss beginning in the second quarter to coincide with the claimed loss from the department store closing in July 1990. Before respondent Tax Appeals Tribunal, petitioner raised for the first time

---

* The data for the first two observation days were obtained from a previous audit performed for the period December 1986 through May 1990, but the audit days were encompassed within the present audit period.

its contention that the financial records it turned over to the Department were sufficient to support an audit without resort to the observation day method and that the Department's utilization of that method was erroneous. Noting that petitioner was prohibited from raising new factual allegations after the closing of the record, the Tribunal held that it would abide by the previously unchallenged position that petitioner's records were inadequate for a sales tax assessment and that, had it considered the issue, it would in any event have found that the financial records produced by petitioner were inadequate. The Tribunal therefore denied petitioner's exceptions and affirmed the ALJ's determination. This proceeding ensued.

Two fundamental legal principles combine to defeat the petition. First, it is the taxpayer's burden to "establish by clear and convincing evidence that the audit method or tax assessment is erroneous" (*Matter of Vebol Edibles v State of New York Tax Appeals Tribunal*, 162 AD2d 765, 766, *lv denied* 77 NY2d 803; *Matter of Grecian Sq. v New York State Tax Commn.*, 119 AD2d 948, 950). Second, issues that are not raised at the administrative hearing level are unpreserved for consideration by the Tribunal on administrative appeal or by this Court on judicial review (*see, Matter of Xuong Trieu v Tax Appeals Tribunal*, 222 AD2d 743, 744, *appeal dismissed* 87 NY2d 1054, *lv denied* 88 NY2d 809; *see also, Matter of Henry v Wetzler*, 82 NY2d 859, 862, *cert denied* 511 US 1126; *Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d 776, 778; *Matter of Mera v Tax Appeals Tribunal*, 204 AD2d 818, 821). Here, the record establishes that at the administrative hearing, petitioner raised no argument and presented no evidence to support a finding that its records were sufficient to permit the Department to conduct a sales tax audit (*see,* Tax Law § 1138 [a] [1]; *Matter of Mobley v Tax Appeals Tribunal*, 177 AD2d 797, 798, *appeal dismissed* 79 NY2d 978; *Matter of Vebol Edibles v State of New York Tax Appeals Tribunal, supra,* at 766; *Matter of Korba v New York State Tax Commn.*, 84 AD2d 655, 656, *lv denied* 56 NY2d 502) and also presented no evidence that the tax assessment was erroneous (*see, Matter of Lombard v Commissioner of Taxation & Fin.*, 197 AD2d 799, 800). Under the circumstances, petitioners' current claims are wholly unavailing.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed and petition dismissed, without costs.