Lahtinen, J.
Proceeding pursuant to CPLR article 78 (initiat *1152 ed in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law article 28.
Petitioner owns a restaurant in the City of Rochester, Monroe County. In January 2007, the Audit Division of the Department of Taxation and Finance notified petitioner that it was going to conduct a sales tax audit for the period March 2004 to November 2006. The Division found that the records maintained and produced by petitioner were inadequate to perform the audit. Accordingly, it conducted a one-day indirect audit observation test on September 15, 2007. Using information from that observation, the Division determined that petitioner had significantly underreported cash sales. In particular, the auditors compared the percentage of cash sales (35.83) to that of credit card sales (64.17) and, since it had a reliable record of credit card sales for the audit period (which it adjusted for tips), it used the percentages from the one-day indirect audit to estimate cash sales for the audit period. Based on this information, the Division issued a notice of determination in January 2008 assessing petitioner with an unpaid tax of $27,041.95, together with interest of $9,378.20 and a penalty of $7,211.79. Following a hearing, an Administrative Law Judge upheld the determination and, thereafter, respondent Tax Appeals Tribunal affirmed. This proceeding ensued with petitioner asserting that it had maintained adequate records and, thus, there was no reason for an indirect audit, the indirect method used was not reasonable, and no penalty should have been assessed.
Our review is limited. “If the Tribunal’s determination is rationally based upon and supported by substantial evidence, it must be confirmed, even if it is reasonably possible to reach a different conclusion” (Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., 19 AD3d 886, 889 [2005] [internal quotation marks and citation omitted]). Where a taxpayer maintains and produces records adequate for an audit, those records must be utilized, as the Division cannot ignore the taxpayer’s records (see Matter of King Crab Rest. v Chu, 134 AD2d 51, 52-53 [1987]). However, we have “consistently held [that the] use of a test period to estimate sales tax is proper when the taxpayer’s records for the audit period are insufficient” (Matter of Vebol Edibles v State of N.Y. Tax Appeals Trib., 162 AD2d 765, 766 [1990], lv denied 77 NY2d 803 [1991]).
The Division requested various information for its audit including, among other things, guest checks and cash register tapes. Lee Hwang, petitioner’s wife and bookkeeper, testified that the cash register was used only for cash transactions. Fur *1153 ther, the Division presented proof that, despite cash register tapes having, among other deficiencies, missing and incorrect dates, its auditors nonetheless entered guest checks into a spreadsheet and attempted to reconcile register tapes and guest checks, but they were unable to do so. Petitioner’s accountant acknowledged that the guest checks could not be adequately tied into the register tapes. The guest checks also reflected deficiencies in that there were large gaps in the numbers on the checks, instances of smaller gaps in the numbers within individual books of checks, days where the guest checks were missing entirely, and undated guest checks. Petitioner’s wife explained that guest check books were not necessarily used in sequence (resulting in the large gaps) and that smaller gaps could have resulted from voided checks and business customers sometimes keeping the checks for their records. The Tribunal did not find credible the explanations for all the gaps and missing records, and those gaps could not be adequately filled or explained by using other available information.
Unlike Matter of King Crab Rest, v Chu (supra), upon which petitioner relies, this record reflects that the Division made ample efforts to attempt to conduct the audit based upon petitioner’s records. Substantial evidence supports the Tribunal’s determination that it was not possible for the Division to independently verify petitioner’s taxable sales for the pertinent period from the records supplied to it by petitioner. With regard to petitioner’s challenge to the receipt into evidence at the hearing of the Division’s spreadsheets, we note that a timely objection was not made and, in any event, strict rules of evidence do not apply (see e.g. Matter of Club Marakesh v Tax Commn. of State of N.Y., 151 AD2d 908, 910 [1989], lv denied 74 NY2d 616 [1989]).
Where, as here, a taxpayer fails to maintain sufficient records, the Division may resort to an indirect audit and the taxpayer challenging such an audit has the “burden of establishing by clear and convincing evidence that the audit method or tax assessment [was] erroneous” (Matter of Lombard v Commissioner of Taxation & Fin., 197 AD2d 799, 800 [1993]; see Matter of Karay Rest. Corp. v Tax Appeals Trib., 274 AD2d 854, 856 [2000], lv denied 96 NY2d 702 [2001]). Although a longer audit period might have produced a more accurate representation of petitioner’s business activity, nonetheless petitioner failed to meet its heavy burden of establishing the unreasonableness or inaccuracy of the length used and method employed by the Division in its indirect audit under the circumstances (see Matter of Lombard v Commissioner of Taxation & Fin., 197 *1154 AD2d at 799-800; Matter of Sarantopoulos v Tax Appeals Trib., 186 AD2d 878, 879 [1992]; Matter of Club Marakesh v Tax Commn. of State of N.Y., 151 AD2d at 910).
Petitioner, who had previously been indirectly audited under similar circumstances, failed to sustain his burden of establishing that the assessment of a penalty was improper (see Matter of S. H. B. Super Mkts. v Chu, 135 AD2d 1048, 1050-1051 [1987]).
Peters, PJ., Stein and Spain, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.