Rose, J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.
The Division of Taxation audited petitioner’s sales tax liability for its sales of construction materials over a three-year period beginning in March 2001. Petitioner consented to a test period audit and, using a three-month period, the auditor determined that petitioner underreported its taxable sales and *1151 overreported exempt sales. The auditor also determined that petitioner was unable to establish that it paid sales tax on certain business expenses and fixed assets. The Division issued petitioner a notice of determination assessing sales and use tax and, following a hearing, the determination was modified. Respondent Tax Appeals Tribunal then sustained the determination as modified, resulting in petitioner owing $503,680.82 plus penalties and interest. Petitioner commenced this proceeding challenging the determination.
Where, as here, petitioner challenges the audit method employed or the result of the audit, it bears the burden of establishing, by clear and convincing evidence, that the method was erroneous and the taxes found to be due were incorrect (see Matter of Roebling Liqs. v Commissioner of Taxation & Fin., 284 AD2d 669, 672 [2001], appeal dismissed 97 NY2d 637 [2001], cert denied 537 US 816 [2002]; Matter of Karay Rest. Corp. v Tax Appeals Trib., 274 AD2d 854, 856 [2000], lv denied 96 NY2d 702 [2001]; Matter of Sarantopoulos v Tax Appeals Trib., 186 AD2d 878, 879 [1992]). Although the auditor determined that the reported sales for the test period were representative of petitioner’s business activity, petitioner contends that the test period failed to accurately reflect its payment of sales taxes because, instead of paying sales tax on the full amount of a sale made during a quarter, it only paid tax on the amount of money received, which was often less. Petitioner claimed that it would remedy any deficiency by paying the remaining taxes owed in a subsequent quarter when it received the money. Petitioner failed to substantiate this claim, however, submitting only testimony from an accountant hired after the audit who based his conclusions on claims made by petitioner’s president. The accountant did not offer any proof reconciling the accounts to show that the full amount of sales tax was paid over time (see e.g. Matter of Del’s Mini Deli v Commissioner of Taxation & Fin., 205 AD2d 989, 990-991 [1994]). In any event, sales tax is required to be remitted for the period in which the sale is made, regardless of the amount collected (see 20 NYCRR 532.1 [a] [2]).
Petitioner also claims that the auditor’s determination of gross sales for each year was arbitrary and capricious because he used the gross sales reported on petitioner’s federal income tax return for 2002 and the gross sales figures from the general ledger for 2003 and 2004. The record establishes that the federal tax return for 2002 showed gross sales that were more than $3.5 million higher than the sales reflected on the general ledger. *1152 The auditor testified that petitioner failed to explain this discrepancy or offer any evidence to suggest that the general ledger for 2002 was more accurate (see e.g. Matter of Oak Beach Inn Corp. v Wexler, 158 AD2d 785, 787 [1990]). Under the circumstances, we cannot say that it was unreasonable to use the figure from the tax return for fiscal year 2002 in order to determine gross sales for that year.
Petitioner also contends that, contrary to the results of the audit, certain sales should have been determined to be exempt. Further, petitioner argues that it should have been credited with having paid the sales tax on certain business expenses and fixed assets. We cannot agree. Petitioner bore the burden of establishing that the sales were exempt or that the taxes were paid, yet it failed to come forward with any documentation in support of its claims (see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1154-1155 [2008]; Matter of Statharos v Tax Appeals Trib. of State of N.Y., 306 AD2d 650, 652 [2003]). In sum, petitioner failed to meet its burden of establishing that the audit was unreasonable either as to method or result (see Matter of Rodriguez v Tax Appeals Trib. of the State of N.Y., 82 AD3d 1302, 1306 [2011], lv denied 17 NY3d 702 [2011]; Matter of MacLeod v Megna, 75 AD3d 928, 931 [2010]; Matter of Sloan’s Supermarkets v Chu, 140 AD2d 794, 797 [1988]).
Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.